124 N.J. Super. 414 (1973)
307 A.2d 142
DONNA L. HOWELL, PLAINTIFF,
v.
THE OHIO CASUALTY INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 12, 1973.
Mr. Robert A. Porter on the Brief for the Plaintiff. (Messrs. Hartman, Schlesinger & Schlosser, Attorneys.)
Mr. Ernest F. Picknally on the Brief for the Defendant. (Messrs. Schuenemann & Picknally, Attorneys.)
*415 BELOPOLSKY, J.C.C., Temporarily Assigned.
This matter comes before the court on cross-motions for Summary Judgment. The defendant, The Ohio Casualty Insurance Company, seeks to deny payment to a wife, who played no part in her house being destroyed by fire, under a fire insurance policy, because her spouse intentionally set fire to their home. The house was destroyed and the husband took his own life while the building was in flames.
The policy in question was issued in the name of plaintiff and her husband. It contained the standard provision, required by N.J.S.A. 17:36-5.20, that the policy shall be void because of fraud by the "insured."
It is undisputed that the intentional burning of one's own house is fraud, 44 Am. Jur.2d, Insurance, § 1365. The sole question in issue here, and one which is novel in New Jersey, is whether the intentional burning by one spouse of a homestead, held in tenancy by the entirety, will bar the recovery by the innocent spouse under a fire insurance policy.
The insurance company asserts that the insured interest here was joint, arising both from the legal identity of husband and wife, and the legal estate which they possessed. This joint interest or identity, it is argued, creates, in law, but one insured under the policy. Therefore, the fraudulent act of one spouse would necessarily become the act of both and bar the innocent spouse's recovery. Kosior v. Continental Ins. Co., 299 Mass. 601, 13 N.E.2d 423 (Sup. Jud. Ct. 1938); Matyuf v. Phoenix Ins. Co., 27 Pa. D. & C.R.2d 351 (Cty. Ct. 1933); Jones v. Fidelity & Guaranty Ins. Corp., 250 S.W.2d 281 (Tex. Civ. App. 1952); Bridges v. Commercial Standard Ins. Co., 252 S.W.2d 511 (Tex. Civ. App. 1952); California Ins. Co. v. Allen, 235 F.2d 178 (5 Cir.1956); Klemens v. Badger Mut. Ins. Co., 8 Wis.2d 565, 99 N.W.2d 865 (Sup. Ct. 1959); 44 Am. Jur.2d, Insurance, § 1365; See also, Monaghan v. Agricultural F. Ins. Co., 53 Mich. 238, 18 N.W. 797 (Sup. Ct. 1884), *416 dealing with joint ownership by a mother and her children; Federal Ins. Co. v. Wong, 137 F. Supp. 232 (D.C. Cal. 1956), dealing with joint ownership of a truck.
Plaintiff points out that where the interests of the coinsureds are several, the innocent party has not been precluded from recovering, notwithstanding the fraudulent acts of the other. Mechanics' Ins. Co. v. Inter-Southern L. Ins. Co., 184 Ark. 625, 43 S.W.2d 81 (Sup. Ct. 1931); Mercantile Trust Co. v. New York Underwriters Ins. Co., 376 F.2d 502 (7 Cir.1967); Rent-A-Car Co. v. Globe & Rutgers Fire Ins., 158 Md. 169, 148 A. 252 (Ct. App. 1930); Hoyt v. New Hampshire Fire Ins. Co., 92 N.H. 242, 29 A.2d 121 (Sup. Ct. 1942); see also the annotation in 24 A.L.R.3d 450.
Plaintiff contends that New Jersey has abolished the common law legal identity of husband and wife, the most recent evidence of this being Immer v. Risko, 56 N.J. 482 (1970), which abolished interspousal immunity. Therefore, the insured interest under the fire insurance policy should be interpreted to be several and not joint, thus allowing the wife to recover as any innocent coinsured would.
Whether there is a joint or several interest present requires an examination of the status of the legal identity of husband and wife in New Jersey. The New Jersey Married Women's Act, N.J.S.A. 37:2-1 et seq., secured a separate legal identity for married women, Sillery v. Fagan, 120 N.J. Super. 416 (Cty. D. Ct. 1972), and released them from the disabilities of coverture, Patusco v. Prince Macaroni, Inc., 50 N.J. 365 (1967).
The concept of an identity of husband and wife has come under criticism. Justice Haneman, in Long v. Landy, 35 N.J. 44, 50 (1961), referred to the legal identity of husband and wife as "artificial and technical." In Immer v. Risko, supra, Justice Proctor explored the question at great length and concluded (56 N.J. 488) that the legal identity *417 of husband and wife was a "metaphysical concept" which "cannot be seriously defended today."
Justice Proctor's pronouncement in Immer is dictum, yet it recognizes the existence of an outmoded legal fiction which continues to produce harsh and inequitable results.
The manner in which the husband and wife held the property in question is of particular importance, because it has a bearing on the legal identity issue. Here the property was held in tenancy by the entirety, an estate which at common law connotes ownership by one person, McDermott v. French, 15 N.J. Eq. 78 (Ch. 1862); Thomas v. DeBaum, 14 N.J. Eq. 37 (Ch. 1861). Defendant has expressed the fear of the demise of this ancient common law estate, if the rationale of Immer is applied; yet a review of the case law suggests that such a result may be well on its way already. See "Weeding Out the Troublesome Plant of Tenancy by the Entirety," 2 Seton Hall L. Rev. 415 (1971).
In King v. Greene, 30 N.J. 395, 413 (1959), Chief Justice Weintraub, in a vigorous dissent, called the estate a "remnant of other times", which "rests upon the fiction of a oneness of husband and wife."
Over a decade later, in Fort Lee S. & L. Ass'n v. LiButti, 106 N.J. Super. 211 (App. Div. 1969), rev'd 55 N.J. 532 (1970), our Supreme Court, in reversing the Appellate Division, adopted the opinion of Judge Carton, speaking below in dissent. That case dealt with an action by a judgment creditor of one spouse against the excess left after a mortgage foreclosure, held by a couple in tenancy by the entirety. The court held that a judgment creditor should not be made to wait and "gamble" for the prior death of the other spouse but should be allowed to sever that portion of the estate which belonged to the debtor spouse. Judge Carton stated, at 106 N.J. Super. 216, that to extend the estate of tenancy by the entirety to the personal property which replaces the realty would be to indulge in a "further fiction" (emphasis *418 supplied), which "serves no useful purpose and acts to frustrate justice."
An opinion by the highest court of New York State also sheds light on this inquiry. In Hawthorne v. Hawthorne, 13 N.Y.2d 82, 242 N.Y.S.2d 50, 192 N.E.2d 20 (Ct. App. 1963), an action by a wife against her husband sought a division of the proceeds of a fire policy on realty owned by the entirety. The court allowed the division holding that
The unity of person of husband and wife [expressed through the tenancy by the entirety] gives no clue to the relationship that ought properly to obtain between the owners of the proceeds of insurance. * * * [242 N.Y.S.2d at 51, 192 N.S.2d at 21]
The court also looked at the insurance contract and held that the policy proceeds were fruits of the insurance contract and the premiums paid under it. While the loss could be said to be involuntary, the policy itself was a product "of their voluntary contractual act and is held by them in the same way as any personal property voluntarily acquired." Ibid. 242 N.Y.S.2d at 52, 192 N.E.2d at 22.
The case of Miller & Dobrin Furniture Co. v. Camden Fire Ins. Ass'n, 55 N.J. Super. 205 (Law Div. 1959), has been cited by defendant in support of its position. There, recovery under a fire insurance policy was denied to an innocent copartner where the dominant and controlling partner set fire to the insured's property. This court is of the opinion that Miller is distinguishable on the facts because of the dominant position held by the wrongdoing partner. It is also noted that the Miller court (at 218) recognized the rule that the intentional burning of property by an insured's agent would not defeat recovery where the insured was not implicated in the act, citing 29 Am. Jur., Insurance, § 1028.
The nature of the common law requires that each time a rule of law is applied it be carefully scrutinized to make sure that the conditions and needs of the times have not so changed as to make further application of it the instrument of injustice. [Sillery v. Fagan, supra, 120 N.J. Super. at 426, citing Long v. Landy, 35 N.J. 44, 50 (1961)]
*419 In view of the foregoing cases it might well be said that while the legal identity of husband and wife may still exist, it has been severely eroded in recent years. The estate of tenancy by the entirety, with its inherent doctrine of the identity of spouses, has been delimited by King and Fort Lee Savings.
In the present case defendant's argument, to consider the husband and wife as a single "insured," goes against both the policy of recent cases and the facts herein. Even if it could be said that the realty was owned jointly, certainly the contract rights under the fire policy could not be said to be in the same category. This court views those rights as personal property able to be possessed separately and individually by both spouses. Hawthorne v. Hawthorne, supra.
Indeed, the policy was issued in both names, and it is fair to say the contract was a product of the voluntary actions of each and held in the same way as any voluntarily acquired personal property. Hawthorne v. Hawthorne, supra.
This court finds that the rights and interests under this policy can be said to be several, not joint, and thus not subject to divestment or forfeiture by the unilateral actions of one spouse. Since the interest is several, recovery should be had to the extent of the wife's interest. Hoyt v. New Hampshire Fire Ins. Co., supra.
Judgment is ordered for plaintiff in the amount of one-half of the damages within the limits of the policy.