## Richmond

ROCKINGHAM MUTUAL INSURANCE COMPANY

v.

MILDRED HUMMEL

January 12, 1979.

Record No. 770879.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*James V. Lane (Donald D. Litten; Conrad, Litten, Sipe & Miller*, on brief), for plaintiff in error.

No brief or argument for defendant in error.

COMPTON, J., delivered the opinion of the Court.

In this fire insurance case, a husband intentionally burned a dwelling jointly owned and insured by both husband and wife. The innocent wife claims entitlement to a share of the insurance proceeds. The issue on appeal arose in the following manner.

Appellant Rockingham Mutual Insurance Company sued Harold Lee Hummel and appellee Mildred Hummel, his wife, to recover $21,600 paid to the Hummels as the result of an April 1975 fire which destroyed the dwelling in question located in Rockingham County. The court below sustained the wife's demurrer to an amended motion for judgment and continued the case as to the husband. We awarded the insurer a writ of error to the trial court's March 1977 order dismissing the action as to the wife.

These are the facts revealed by the insurer's amended complaint, which incorporated by reference a copy of the insurance contract, a "Homeowners Policy", in force at the time of the loss. The real estate in question was owned by the Hummels as tenants by the entirety. The policy identified "Harold Lee and Mildred Hummel" as the "Named Insured", without further defining the latter phrase. The contract's "General Conditions" provided, however, that the "unqualified word 'Insured' includes (1) the Named Insured and (2) if residents of his household, his spouse, the relatives of either, . . . . " Under the policy, property of the Hummels, including the dwelling, was insured against loss by fire and other specified perils. The contract contained the language of the Virginia Standard policy, as mandated by Code § 38.1-366, of which two clauses are relevant here:

> This entire policy shall be void, . . . in case of any fraud or false swearing by the insured relating thereto.

\* \* \*

> This Company shall not be liable for loss by fire or other perils insured against in this policy caused directly or indirectly by: . . . neglect of the insured to use all reasonable means to save and preserve the property at and after a loss, . . . .

Subsequent to the fire and after a proof of loss executed by the Hummels was filed, the insurer issued a check jointly payable to them and a Harrisonburg bank as lienholder in payment of the claim. Thereafter, the insurer discovered that the dwelling burned as the result of the intentional act of the husband. The wife was innocent of any wrongdoing in connection with the fire or the filing of the claim. When the Hummels rejected the insurer's demand for reimbursement of the amount paid to them, this suit followed.

In sustaining the wife's demurrer, the trial court agreed with a portion of the wife's argument made below. The court determined that the action against her should be dismissed because "the Amended Motion for Judgment does not allege any fraud, false swearing, or neglect to use reasonable means to save and preserve the property or any other breach of a policy condition by Mildred Hummel, nor does it allege that Mildred Hummel was paid any amount in excess of her insurable interest in the property, . . . . "

The question presented on appeal is whether under this insurance policy an innocent spouse is entitled to a share of the fire insurance proceeds payable for the destruction of real property held by husband and wife as tenants by the entirety and insured jointly, when the loss results from the wrongful and fraudulent act of the other spouse.

Although this issue is one of first impression for this court, the question has been addressed in other states. Generally, the right to compensation under a fire insurance policy in cases involving arson by one coinsured depends upon whether the interests of the coinsured are joint or severable. *See* Annot., 24 A.L.R.3d 450, 451. When the interests of the insureds are deemed joint and nonseparable, the courts have held that the innocent insured may not recover under the policy following a fraudulent act on the part of the other coinsured. *Id.*

For example, in *Klemens* v. *Badger Mutual Insurance Co. of Milwaukee*, 8 Wis.2d 565, 99 N.W.2d 865 (1959), the relevant facts and the pertinent policy provisions were almost identical to those in this case. There, as here, the wife asserted that her right to recover under the policy was unaffected by the wrongful act of her husband. Holding that the obligations of the coinsured were joint, the Supreme Court of Wisconsin ruled in favor of the insurer. The court held that intentional destruction of the property violated the parties' promise that they would not neglect to save and preserve the property. Because the agreement was joint with each insured promising that he and the other insured would not commit such neglect, the court held that the breach of this provision by one insured was chargeable to the other and precluded recovery by the innocent joint insured. The court also held that such wilful destruction constituted fraud and, under the policy provision relating thereto, voided the policy. The court construed the provision to be a joint promise by each insured that he and the other insured would not commit fraud. Thus the breach of that provision by one insured was chargeable to both and likewise precluded recovery by the innocent joint insured.

In this case, the legal interest in the subject matter of this policy of insurance was joint and not severable. The property was owned in tenancy by the entirety and, in Virginia, once such an estate is established neither spouse can sever it by his or her sole act. *Vasilion* v. *Vasilion*, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951). Furthermore, the form of the insurance contract was joint; the "Named Insured" was "Harold Lee and Mildred Hummel". Thus under the policy and as the "insured", each spouse had the joint obligation to use all reasonable means to save and preserve the property. Likewise each spouse had the joint duty to refrain from defrauding the insurer. If either spouse violated any one of these duties, the breach was chargeable to the "Named Insured" preventing either spouse from recovering any amount under the policy. *See Matyuf* v. *Phoenix Insurance Co.*, 27 Pa. D. & C.R.2d 351, 361-63 (1933). *Contra, Howell* v. *Ohio Casualty Insurance Co.*,

130 N.J. Super. 350, 327 A.2d 240 (1974), *modifying,* 124 N.J. Super. 414, 307 A.2d 142 (1973).*

For these reasons, we think the trial court erred in sustaining the wife's demurrer and in dismissing the insurer's action aganst her. Consequently, we will reverse the order entered below and remand the case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

---

\* According to the record, the trial court in sustaining a demurrer filed by the wife to the insurer's original motion for judgment relied on the modified version of *Howell,* which was decided by an Appellate Division of the New Jersey Superior Court. In sustaining the demurrer to the amended motion for judgment, which contained allegations of a joint obligation of the Hummels not included in the original complaint, the court below did not again rely on *Howell.* Instead, in the order appealed from the court based its decision, as noted above, on the insurer's failure to allege the breach of any policy condition by the wife or to allege that she had received a sum in excess of her insurable interest.

But inexplicably and despite clear evidence to the contrary in the record before us, counsel for the insurer on brief (and at the bar) makes the representation, accompanied by lengthy discussion, that the trial judge in sustaining the second demurrer relied on *Howell* and, further, that he relied on the *unmodified* version of *Howell* reported at 124 N.J. Super. 414, 307 A.2d 142 (1973), decided by a Law Division of the New Jersey Court. The two *Howell* decisions have entirely different bases, but we will assume that these briefing errors were inadvertent.