BETTY D. LOVELL, PLAINTIFF v. ROWAN MUTUAL FIRE INSURANCE COMPANY AND GRAHAM M. CARLTON, SUBSTITUTED TRUSTEE, DEFENDANTS AND ROWAN MUTUAL FIRE INSURANCE COMPANY, THIRD-PARTY PLAINTIFF v. ROBERT J. LOVELL, THIRD-PARTY DEFENDANT

No. 35

(Filed 27 January 1981)

Husband and Wife § 15; Insurance §§ 121, 134— entirety property — intentional burning by husband — right of innocent wife to recover fire insurance proceeds

An innocent wife can recover under an insurance policy issued to her husband, which insures property owned by them as tenants by the entirety, when the loss by fire resulted from intentional burning of property by the husband.

Justice MEYER did not participate in the consideration or decision of this case.

APPEAL of right by plaintiff from decision of the Court of Appeals (*Morris, C.J., Parker, J.*, concurring, *Hill, J.*, dissenting) reported at 46 N.C. App. 150, 264 S.E.2d 743 (1980), affirming the entry of summary judgment for defendant insurance company by *Hairston, J.*, entered 6 March 1979 in ROWAN Superior Court.

In this proceeding, plaintiff seeks to recover from defendant insurance company the value of her interest in realty she held with

her husband as tenants by the entirety.

By her complaint, plaintiff alleges that she and her husband owned certain real estate in Rowan County as tenants by the entirety. The house located on the property was insured by Rowan Mutual Fire Insurance Company for $27,000. The contents of the house were insured by the same policy for $3,000. On 24 September 1978, the husband intentionally set fire to the house, destroying it and its contents.

At the time of the fire, plaintiff and her husband were indebted to Citizens Savings and Loan Association, on a note secured by a deed of trust on the property, in the amount of $15,103.75. Plaintiff and husband were likewise indebted to North Carolina National Bank in the amount of $4,331.20. That debt was also evidenced by a note secured by a deed of trust. The insurance policy contained a loss payable clause in favor of both Citizens Savings and Loan Association and North Carolina National Bank. Shortly after the fire, the defendant insurance company paid the balance due on both notes, receiving an assignment of each note and deed of trust.

Graham M. Carlton was substituted as trustee for the *cestui* in the Citizens Savings and Loan deed of trust and, on 8 December 1978, began foreclosure proceedings on the property. Disbursement of any proceeds of foreclosure was enjoined by Judge Hairston on 2 February 1979, pending a determination as to the proper party to receive the proceeds.

Plaintiff's husband pleaded guilty to felonious burning of a dwelling house, a violation of G.S. 14-65. By judgment entered 13 February 1979, he was placed on probation for five years and ordered to pay to the clerk of court $9,000 as restitution.

Plaintiff says that because the property was owned by the entirety and her husband was solely responsible for its burning, she is entitled to recover $10,565 from the defendants. That figure represents the extent of the policy's coverage, minus the sums paid by the insurance company to extinguish the two notes held by the banks, as discussed above. Plaintiff also seeks payment to her of all proceeds from the foreclosure sale, and punitive damages.

Other relevant facts will be discussed in the opinion.

*Coughenour, Linn and Short by W. C. Coughenour for plaintiff*

*appellant.*

*Carlton, Rhodes and Wallace by Graham M. Carlton for defendant appellees.*

HUSKINS, Justice:

As the Court of Appeals recognized, this case presents a question of first impression in this State. Simply stated, the issue here is whether the innocent wife can recover under an insurance policy issued to her husband, which insures property owned by them as tenants by the entirety, when the loss by fire resulted from intentional burning of the property by the husband. Relying mainly on the special incidents of a tenancy by the entirety, the Court of Appeals held the wife's recovery barred by the actions of her husband. We reverse. Proper application of the more relevant rules of insurance and contract law leads us to the opposite result. Accordingly, we hold that the wife is entitled to recover from defendant insurance company.

In reaching that result, we have carefully reviewed the applicable case law from other jurisdictions. *See* Annot. 24 A.L.R.3d 450 (1969).

The leading case allowing recovery to the wife[1] is *Howell v. Ohio Casualty Insurance Company,* 124 N.J. Super. 414, 307 A.2d 142 (1973), *aff'd* 130 N.J. Super. 350, 327 A.2d 240 (App. Div. 1974).[2] In *Howell,* the defendant insurance company similarly sought to avoid the claim of an innocent wife arising out of her husband's intentional burning of the entirety property. The trial court considered the traditional concept of "oneness" of husband and wife when holding property by the entirety, but held that even if the realty was owned jointly, contract rights arising under the fire insurance policy entered into by husband and wife could not be said

---

[1] The innocent spouse was also allowed to recover in *Hosey v. Seibels Bruce Group South Carolina Insurance Co.,* 363 So.2d 751 (Ala. 1978); *Auto-Owners Insurance Co. v. Eddinger,* 366 So.2d 123 (Fla. App. 1979); *Economy Fire and Casualty Co. v. Warren,* 28 Ill. Dec. 194, 390 N.E.2d 361 (Ill. App. 1979); *Hildebrand v. Holyoke Mutual Fire Insurance Co.,* 386 A.2d 329 (Me. 1978); and *Winter v. Aetna Casualty and Surety Co.,* 409 N.Y.S.2d 85 (S.Ct. 1978).

[2] The lower court in *Howell* allowed recovery to the wife because it viewed the contract policy as several, not joint. On appeal the judgment was affirmed on that and an additional ground equally applicable here: that the fraud, *i.e.,* the arson, was also several and could not be imputed to the wife.

to fall automatically in the same category. Rather, adopting the reasoning of the New York Court of Appeals in *Hawthorne v. Hawthorne*, 242 N.Y.S.2d 50, 192 N.E.2d 20 (Ct. App. 1963), the *Howell* court viewed those contract rights as several, not joint, personal property, able to be possessed separately and individually by each spouse. 124 N.J. Super. at 419, 307 A.2d at 145. It follows therefore that the interest of one spouse could not be subject to divestment or forfeiture by the unilateral actions of the other.

Appellees would have us discount the rationale of the lower court in *Howell* for the reason that in the instant case, only the husband is named as insured and beneficiary under the policy. This argument is unpersuasive for two reasons. First, the case law in North Carolina clearly establishes that the wife is also an insured party, if the property is held by the entirety, even though only the husband's name appears on the policy. *Carter v. Insurance Co.*, 242 N.C. 578, 89 S.E.2d 122 (1955). Second, by enacting G.S. 58-180.1, the legislature apparently intended to resolve the related question of whether a policy insuring entirety property was void if issued solely in the name of either husband or wife. That statute, coupled with the clear rule of law established by case precedent, was sufficient notice to defendants that by insuring the interest of the husband it also insured the interest of plaintiff wife. Defendants therefore suffer no prejudice by our holding that the wife was an insured party, entitled to recover under the policy.

Relying in large part on *Howell v. Ohio Casualty Insurance Company*, *supra*, the Delaware Supreme Court allowed recovery by an innocent wife in *Steigler v. Insurance Co. of North America*, 384 A.2d 398 (Del. Supr. 1978). The husband in that case, as in the case before us, was convicted on criminal charges for the burning of the entirety property. In *Steigler* the entirety property was insured under a policy which contained a standard fraud provision rendering the policy void "in case of any fraud . . . by the insured relating thereto." The critical question, said the court, is the meaning of the word "insured."

The defendant insurance company urged the court to determine "insured" to mean the one entirety interest jointly held by husband and wife. Arson of one would, under that theory, bar recovery by the other. The court found the legal fiction of "oneness" of husband and wife inapposite to a contract dispute between an

insurance company and a policyholder. Resolution of the relative rights of the parties was deemed governed by contract law rather than the law governing land titles. Thus, because the wife was an insured party under the fire insurance contract, the court held she could recover one-half of the damages to the property within the limits of the contract. 384 A.2d at 402.

Additionally, the *Steigler* court recognized the fundamental injustice of barring recovery by the wife where the fraud of the insured husband involved a *criminal* act. Allowing such a result, said the court, would mean that the wife was in effect held responsible for the crime of her husband. *Id.* Such a result would clearly be repugnant to the general rule of law that a wife is not vicariously liable for the criminal acts of her husband merely because of the existence of the marital relationship.

In reaching a similar result in the instant case, we recognize that there is authority supporting the result of the Court of Appeals. For the most part, though, those cases dwell, as did the Court of Appeals, on the special nature of the entirety relationship. Generally, the rule in these jurisdictions[3] is that, since under real property law the interest of husband and wife are non-separable, one spouse cannot recover for damages to the entirety property intentionally occasioned by the act of the other.

Representative of this line of cases is *Rockingham Mutual Insurance Co. v. Hummel,* 219 Va. 803, 250 S.E.2d 774 (1979). There the plaintiff insurance company sued to recover funds it had paid on a fire insurance policy, issued to defendants husband and wife, after it became apparent that defendant husband had intentionally burned the entirety property. As in the instant case, the insurance policy there provided:

> This entire policy shall be void, . . . in case of any fraud or
> false swearing by the insured relating thereto.

* * * *

---

[3] Among cases holding recovery by the innocent spouse barred *see Kosior v. Continental Ins. Co.,* 299 Mass. 601, 13 N.E.2d 423 (1938) (husband and wife were tenants in common); *Morgan v. Cincinnati Ins. Co.,* 282 N.W.2d 829 (Mich. App. 1979); *Mele v. All-Star Insurance Corp.,* 453 F. Supp. 1338 (D.C. Pa. 1978) (applying "vintage" Pennsylvania law); *Cooperative Fire Ins. Assn. of Vermont v. Domina,* 399 A.2d 502 (Vt. 1979); and *Klemens v. Badger Mutual Ins. Co. of Milwaukee,* 99 N.W.2d 865 (Wis. 1959).

> This Company shall not be liable for loss by fire or other
> perils insured against in this policy caused, directly or
> indirectly, by: . . . neglect of the insured to use all reason-
> able means to save and preserve the property at and after
> a loss, . . . .

The *Hummel* court first noted that whether an innocent in-
sured may recover after the fraudulent act of a co-insured depends
upon whether the interests of the co-insured are joint or severable.
*Id.* at 805, 250 S.E.2d at 776. In the case before it, the court held the
legal interest in the subject matter of the policy to be joint, because
the property was owned in tenancy by the entirety.[4] Since both
husband and wife were named as the "insured," each spouse, said
the court, had the *joint* obligation to use all reasonable means to
save and preserve the property. Likewise, each spouse had a joint
duty to refrain from defrauding the insurer. Therefore, if either
spouse violated any one of these duties, the breach was chargeable
to the other. *Id.* at 806, 250 S.E.2d at 776. We see nothing in the
analysis of the *Hummel* court which persuades us to adopt the result
reached in that case. The mere fact that property is held by the
entirety should not, standing alone, bar the innocent spouse's recov-
ery. "The unity of person of husband and wife [expressed through
the tenancy by the entirety] gives no clue to the relationship that
ought properly to obtain between the owners of the proceeds of
insurance . . . ." *Hawthorne v. Hawthorne, supra,* 242 N.Y.S.2d at 51,
192 N.E.2d at 21. The insurance policy on the entirety property is a
personal contract, appertaining to the parties to the contract and
not to the thing which is subject to the risk insured against. 43 Am.
Jur. 2d, Insurance, § 194.

Analogous support for our holding that the unilateral act of
the husband does not bar recovery by the wife is in fact found
elsewhere in the law of tenancies by the entirety. In *Air Condition-
ing Co. v. Douglass,* 241 N.C. 170, 84 S.E.2d 828 (1954), this Court
held that a husband's dealings with a creditor did not automatically
bind the wife, and thus did not allow the creditor to attach a lien to
the entirety property. Plaintiff in that case urged the Court to adopt
the same *ipso facto* conclusion urged on the Court in the instant
case: that the unilateral act of the husband should bind the wife

---

[4] In Virginia, as in North Carolina, once such an estate is established neither
spouse can sever it by his or her sole act. *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566
(1924); *Vasilion v. Vasilion,* 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951).

simply by virtue of the tenancy by the entirety. We find that argument no more persuasive now than did our brethren before us.

Moreover, it has long been the rule that an estate by the entirety in personal property is not recognized in North Carolina. *Bowling v. Bowling,* 243 N.C. 515, 91 S.E.2d 176 (1956). Hence, when property held as tenants by the entirety is sold, the cash proceeds are not held as tenants by the entirety, but rather, most often, as tenants in common. *Wilson v. Ervin,* 227 N.C. 396, 42 S.E. 2d 468 (1947). Cash proceeds arising out of the husband's intentional burning of insured entirety property are equally incapable of entirety ownership. Rather, such proceeds must be considered divisible personal property unless the parties by contract have provided what disposition should be made of the funds. *Wilson v. Ervin, supra.*

Here, Rowan Mutual Fire Insurance Company paid Citizens Savings and Loan Association the sum of $15,103.75 and paid North Carolina National Bank the sum of $4,331.20 to discharge the indebtedness of Betty D. Lovell and her husband to those institutions, receiving an assignment of each note and deed of trust. Our holding in this case contemplates that from the $30,000 insurance the sum of $19,434.95 will be deducted to reimburse defendant insurance company for the sums it paid to Citizens Savings and Loan Association and North Carolina National Bank, leaving a balance of $10,565.05. One half of that balance with interest as provided by law shall be paid to plaintiff Betty D. Lovell by Rowan Mutual Fire Insurance Company. The remaining one half, which, nothing else appearing, would belong to the husband Robert J. Lovell, has been forfeited by his intentional act of setting fire to the insured property.

The deeds of trust have been foreclosed by Graham M. Carlton, substitute trustee, and disbursement of the proceeds of foreclosure have been enjoined by Judge Hairston pending final determination as to the proper party to receive the proceeds. We make no adjudication as to the proper recipient of the proceeds of the foreclosure because that issue is not before us.

For the reasons stated the decision of the Court of Appeals is reversed and the case remanded to the Court of Appeals for further remand to Rowan Superior Court for disposition in accord with this opinion.

Reversed and remanded.

Justice MEYER did not participate in the consideration or decision of this case.