NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. MARY ARELIA PITTMAN

No. 8610SC226

(Filed 16 September 1986)

Husband and Wife § 15; Insurance § 134— property destroyed by husband— amount of insurance proceeds to wife—payment to mortgagees

> Defendant as an innocent spouse was entitled to recover on a homeowner's policy where the property loss was caused by the wrongful acts of her husband, and the amount to which she was entitled was one-half of the amount of the agreed loss left over after mortgagees were paid.

APPEAL by defendants from *Read, Judge.* Judgment entered 12 December 1985 in WAKE County Superior Court. Heard in the Court of Appeals 20 August 1986.

On 21 July 1982, the marital home of James A. Pittman and Mary Arelia Pittman caught fire and burned. James Pittman was responsible for the fire, but Mary Pittman had moved out of the house and knew nothing of her estranged husband's plans to burn it down. The loss to the real property is valued at $40,034.34.

The Pittmans did not own the property free and clear. Some four months after the house burned, the couple was in default on notes held by Southern National Bank and by Bankers Mortgage Corporation. Both companies were listed as loss payees on the Pittmans' homeowner's policy with Nationwide Insurance Company. On 30 November 1982 Nationwide paid the outstanding indebtedness of $5,925.57 and took an assignment of mortgagee Southern National Bank's rights. Nationwide also paid off the note in favor of Banker's Mortgage Corporation and assumed its rights to collect $13,001.88. Nationwide then issued defendant a check for $1,089.72 for loss to the real property which she accepted with a full reservation of rights to her claim that she was owed an additional $10,653.00.

Nationwide brought action seeking a declaration that it had paid all monies due defendant as a result of the fire. Defendant denied she had been paid all funds due and sought their recovery. Both parties filed motions for summary judgment. The court granted the defendant's motion and denied plaintiff's motion. Plaintiff appealed.

*Moore, Ragsdale, Liggett, Ray & Foley, P.A., by Peter M. Foley, for plaintiff-appellant.*

*Chavis & Locklear, by Kenneth E. Ransom, for defendant-appellee.*

WELLS, Judge.

In *Lovell v. Insurance Co.*, 302 N.C. 150, 274 S.E. 2d 170 (1981), our Supreme Court recognized the right of an innocent spouse to recover on a homeowner insurance policy where the property loss is caused by the wrongful acts of the other spouse. Although Nationwide agrees that the "innocent spouse doctrine" should apply in this case, it contests the manner in which the court below calculated the defendant's recovery. Nationwide argues that it should pay Ms. Pittman one-half of the agreed loss of

$40,034.34, with the defendant then responsible for the mortgages on the property. Nationwide's rationale is that, since Ms. Pittman was jointly and severally liable on the notes, she bore the risk of paying the full amount of the indebtedness and should be liable for it under these circumstances. The court below disagreed, basing its calculations upon *Lovell.* In that case, the Supreme Court directed that the insurance company pay the wife half of the amount left over *after* the mortgagees were paid. Using that same calculation, the result in the case at bar is that defendant was entitled to $11,742.00—the distribution ordered by the court below. Since the trial court correctly based its formula on the one set out by our Supreme Court in *Lovell,* we are bound by that decision and therefore affirm.

Affirmed.

Chief Judge HEDRICK and Judge WEBB concur.