Carl W. NEWTON and Sandra
S. Newton, Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, Defendant.

Civ. A. No. 90–1523–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 30, 1991.

Carrollyn C. Cox, Virginia Beach, Va., William F. Merlin, Jr., Tampa, Fla., for plaintiffs.

John G. Crandley, Virginia Beach, Va., for defendant.

## ORDER

CLARKE, District Judge.

United States District Judge J. Calvitt Clarke, Jr., by an order entered on December 12, 1990, designated Magistrate Judge William T. Prince to conduct a hearing and to submit to a judge of the court proposed findings of fact, if applicable, and recommendations for disposition by the judge of defendant's Motion to Dismiss Under Rule 12(b)(6).

The Magistrate Judge's Report and Recommendation was filed on December 31, 1990 recommending that defendant's 12(b)(6) Motion to Dismiss be granted with regards to plaintiffs' declaratory judgment claim. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court has received no objections to the Magistrate Judge's Report and Recommendation and the time for filing same has expired.

The Court does hereby accept the findings and recommendations set forth in the report of the United States Magistrate Judge filed December 31, 1990 and it is, therefore, ORDERED that plaintiffs' declaratory judgment claim be dismissed.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

WILLIAM T. PRINCE, United States Magistrate Judge.

### Order of Designation

United States District Judge J. Calvitt Clarke, Jr., by an order entered on December 12, 1990, designated the undersigned magistrate judge to submit to a judge of the Court proposed findings of fact, if applicable, and recommendations for the disposition by the judge of defendants' Motion to Dismiss filed on September 5, 1990.

## NATURE OF THE CASE

### Procedural Background

Plaintiffs filed this action pursuant to 28 U.S.C. §§ 2201 and 1332(a), requesting a declaratory judgment and monetary damages. This matter is now before the Court on defendant's 12(b)(6) Motion to Dismiss plaintiffs' claim for declaratory relief.

### Alleged Factual Background

On September 13, 1989, a fire damaged plaintiffs' dwelling and personal property located at 1937 Sandee Crescent in Virginia Beach. These premises were insured by a homeowners insurance policy issued by defendant which was in full force and effect at the time of the fire. The policy covered "accidental direct physical loss to property ... caused by ... fire." Insurance Policy, Plaintiffs' Complaint Exhibit A at 6 (Aug. 7, 1990).

Although plaintiffs asserted claims on account of the September 13th fire, defendant refused to pay, denying that the losses were "accidental direct physical losses" as required by the policy. After their unsuccessful attempts to induce defendant to honor the claims, plaintiffs initiated this action requesting a declaration of their rights under the insurance policy and monetary damages to the extent defendant is liable for compensating them.

Defendant asserts that plaintiffs are barred from recovery because the fire allegedly "was not accidental, but was in fact intentionally set by or at the direction or connivance of one, the other, or both of the plaintiffs" and because "plaintiffs, and each of them, have intentionally concealed or misrepresented material facts or circumstances relating to their claims to defendant." Defendant's Answer at Paragraphs 19–20 (Sept. 5, 1990). In addition, defendant filed a counterclaim in the amount of $150,000 to compensate for expenses it incurred and is continuing to incur because of plaintiffs' attempts to defraud defendant in this insurance claim.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Declaratory Judgment Act allows a federal court to make a declaration of rights and other legal relations of interested parties. 28 U.S.C. § 2201(a) (Supp.

1990). The question arises whether plaintiffs' allegations for a declaratory judgment are sufficient to overcome a 12(b)(6) motion to dismiss. Two requirements must be satisfied in order for a federal court to have jurisdiction to issue declaratory relief. *See White v. National Union Fire Ins. Co.*, 913 F.2d 165 (4th Cir.1990).

First, the dispute must be a "case or controversy" within the meaning of Article III of the United States Constitution and the Declaratory Judgment Act. *Id.* at 167. This inquiry focuses on whether the controversy is "definite, concrete, 'real and substantial'" as opposed to simply a request for an advisory opinion involving some hypothetical, abstract, or academic question. *Work v. U.S. Trade, Inc.*, 747 F.Supp. 1184, 1189 (E.D.Va.1990) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937). In *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941), the Supreme Court held a court's fundamental inquiry should concentrate on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse *legal* interests, of sufficient *immediacy* and *reality* to warrant the issuance of a declaratory judgment." (emphasis added); *See also White*, 913 F.2d at 167–68 (quoting *Maryland Cas. Co.*).

In the present case, plaintiffs prayed for "a declaration of the respective rights, duties, and liabilities of Plaintiffs and Defendant ... with respect one to the other under and by virtue of a contract of insurance and the claim asserted and denied by Plaintiffs and Defendant." Plaintiffs' Complaint at p. 1 (Aug. 7, 1990). Defendant acknowledged that a fire occurred at plaintiffs' home and that it had refused to pay the plaintiffs for the subsequent damage. Defendant's Answer at Paragraphs 10–14 (Sept. 5, 1990). Defendant claims that plaintiffs or someone they hired set the fire; therefore, the fire was not accidental within plaintiffs' homeowners insurance policy. *Id.* at Paragraphs 10, 19. Instead, defendant asserts that the fundamental question to be decided is simply whether the fire was accidental or intentionally set by plaintiffs or at plaintiffs' direction. Plaintiffs' Motion to Dismiss at Paragraph 3 (Sept. 5, 1990).

Defendant complains that plaintiffs do not allege a *legal* dispute as to the terms, rights, or obligations as contained in their homeowners insurance policy. Defendant's Brief in Support of Motion to Dismiss at 1 (Sept. 5, 1990).[1] Instead, defendant contends that the issues, as framed by plaintiffs in their complaint, are purely factual questions to be decided by the finder of fact. Defendant's Brief in Support of Motion to Dismiss at 3 (Sept. 5, 1990). Defendant claims that the only real issues for trial are "whether a contracted for loss has occurred, whether defendant has breached its contract in respect to such loss, and to what extent are plaintiffs damaged by reason of any such breach." *Id.* As defendant correctly points out, the finder of fact's evaluation of the breach of contract portion of this suit will effectively resolve these questions including any necessary interpretation of plaintiffs' homeowners insurance policy. *See State Farm Fire and Cas. Co. v. Barton*, 897 F.2d 729 (4th Cir. 1990) (discussing jury verdict on factually similar breach of insurance contract claim involving accidental/intentional fire dispute without any mention of companion declaratory judgment action indicating that the breach of contract claim properly resolves all issues in dispute).

While a controversy exists regarding plaintiffs' coverage under their homeowners policy, this factual dispute is not a *legal* issue with "sufficient *immediacy* and *reality*" to justify the continuation of the declaratory judgment prayer as part of this suit. *See Maryland Cas. Co., supra* (emphasis added).

Under the second prong of the *White* analysis for declaratory judgment claims, assuming a "real and substantial" controversy exists, federal courts may use their

---

1. However, defendant fails to explicitly agree that there is no dispute as to plaintiffs' coverage under their policy assuming that the fire was accidental.

judicial discretion in determining whether to grant declaratory relief. *Id.* at 167; *see also Green v. Mansour,* 474 U.S. 64, 72, 106 S.Ct. 423, 427, 88 L.Ed.2d 371 (1985) (citing *Public Service Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952); *Allied–General Nuclear Services v. Com. Edison Co.,* 675 F.2d 610 (4th Cir.1982) (citing *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 324 (4th Cir.1937)). The concern is that the granting of a declaratory judgment will cause the case to be tried piecemeal, or that only particular issues will be resolved without settling the entire controversy. *Quarles,* 92 F.2d at 325. Therefore, the court's discretion should be guided by considerations of "(1) whether the judgment will 'serve a useful purpose in clarifying the legal relations in issue'; or (2) whether the judgment will 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " [2]

In this present matter, plaintiffs' request for declaratory judgment serves no useful purpose and will not clarify the legal rights or obligations in question.[3] While the existence of another adequate remedy does not operate as a bar to declaratory relief,[4] plaintiffs' suit presents the type of factual questions more appropriately considered in the companion breach of contract portion of their complaint. As the case presently stands factually and procedurally, declaratory relief will not terminate the dispute as to whether plaintiffs' claim requires payment from State Farm. *See White,* 913 F.2d at 168. Therefore, the pursuit of a declaratory judgment will promote the type of piecemeal litigation consistently rejected by federal courts.[5] *See, e.g., Allied–General Nuclear Services,* 675 F.2d at 611 (citing *Quarles,* 92 F.2d at 325). The termination of this controversy is likely to occur only in the breach of contract portion of the suit when the finder of fact determines whether the fire was accidental or intentional and its subsequent impact on

**2.** *White,* 913 F.2d at 168 (quoting *National R.R. Passenger Corp. v. Consolidated Rail Corp.,* 670 F.Supp. 424, 431 (D.D.C.1987), *vacated on other grounds,* 892 F.2d 1066 (D.C.Cir.1990) (citing *President v. Vance,* 627 F.2d 353, 364 n. 76 (D.D.C.1980), E. Borchard, *Declaratory Judgments* 299 (2d ed. 1941))).

**3.** In their memorandum, plaintiffs suggest that "[t]he present litigation *may* require legal declaration regarding scope and extent of damage available under the policy, . . . possible application or [sic] the innocent spouse doctrine, *See, e.g., Spouse's Fraud as a Bar to Insurance Recovery,* 21 Wm. & Mary L.Rev. 543 (1979), and legal determination regarding the extent of obligation of the insurer to mortgagee, etc." Plaintiffs' Memorandum in Opposition to Motion to Dismiss at 2 (Oct. 22, 1990). Plaintiffs' contentions, expressed in their memorandum, fail to reach a sufficient level of "immediacy" and "reality" as required by *Maryland Cas. Co. v. Pacific Coal & Oil Co., supra.* Plaintiffs' first and third concerns will be addressed in the breach of contract portion of this suit by the jury in its evaluation of the facts and subsequent award of damages. *See State Farm Fire and Cas. Co. v. Barton,* 897 F.2d 729 (4th Cir.1990).

Plaintiffs' contentions regarding the potential application of the innocent spouse doctrine are inappropriate for a declaratory judgment in light of the companion breach of contract claim. First, the Virginia Supreme Court has clearly held that an innocent spouse will be precluded from recovery under a homeowners policy insuring real property, owned by both spouses, when the loss was caused by the wrongful or fraudulent act of either spouse. *See Rockingham Mut. Ins. Co. v. Hummel,* 219 Va. 803, 250 S.E.2d 774, 776 (1979). Additionally, plaintiffs failed to properly plead in their Complaint any possible application of the innocent spouse doctrine. Next, if, in fact, the innocent spouse doctrine is the key to plaintiffs' claim, the trial court would be required to create a new principle of Virginia insurance law. Because the Virginia Supreme Court has clearly ruled on this issue, any reconsideration or reversal of the *Hummel* holding would create new state law. Finally, should the trial court choose to apply the innocent spouse doctrine, it may easily instruct the jury regarding its application and effect.

**4.** *See* 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2752, at 572 (2d ed. 1983); 6A J. Moore, *Moore's Fed.Prac. and Proc.,* §§ 57.07, 57.08[3], and 57.10; F.R.Civ.P. 57(a); *Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

**5.** While it may be argued that the declaratory judgment part of this action will not cause any harm by remaining a part of the suit, its lingering in the case is unnecessary, promotes piecemeal consideration, and will never completely resolve the controversy. Thus, the Court fails to see any tangible reason to leave the prayer for declaratory relief in the suit.

**80**

plaintiffs' coverage under their home-
owners policy.

### RECOMMENDATION

It is recommended that defendant's
12(b)(6) Motion to Dismiss be GRANTED
with regards to plaintiffs' declaratory judg-
ment claim.

December 31, 1990. ·