Present:  All the Justices

K & W BUILDERS, INC., DEFINED
BENEFIT TRUST NO. 1
                                           OPINION BY
v.  Record No. 970279          CHIEF JUSTICE HARRY L. CARRICO
                                         January 9, 1998
MERCHANTS AND BUSINESS MEN'S
MUTUAL INSURANCE COMPANY, ET AL.

          FROM THE CIRCUIT COURT OF THE CITY OF SALEM
                    Roy B. Willett, Judge

     This controversy involves a fire insurance policy issued by
Merchants and Business Men's Mutual Insurance Company
(Merchants), covering a building in the City of Salem owned by K
& W Builders, Inc., Defined Benefit Trust No. 1 (K&W), and
occupied by Ahmad Thiab (Thiab) and A and N Food, Inc. (A&N)
under an assignment of lease to A&N.  Thiab and A&N were the
named insureds in the policy, and K&W was listed as an additional
insured.

     Thiab and A&N used the building for the operation of a
restaurant known as "Mixers."  On April 3, 1994, the building and
its contents were destroyed by fire.  K&W made claim against
Merchants for the loss of the building.  However, Merchants
discovered evidence that the fire had been set by or at the
direction of Thiab or A&N, or both of them, and that one or both
had intentionally misrepresented and concealed material facts
during the investigation into the cause of the fire.  Relying
upon a fraud provision and a dishonest act exclusion in its
policy, Merchants denied the claim.

     On January 4, 1995, K&W filed a motion for judgment against
Merchants seeking recovery of $208,000, the face amount of the

policy, plus the sum of $17,446.77, "which represents lost rent." As an affirmative defense, Merchants alleged that "Ahmad Thiab and/or A and N Food, Inc." had engaged in "fraudulent conduct" by deliberately setting the fire and had "committed concealment" and "made material misrepresentations," all in violation of the terms of the policy "so as to render the policy null and void as to all insureds," even an insured who is "innocent of any wrongdoing."[1]

K&W filed a motion for summary judgment, asserting that there was "no genuine issue as to any material fact" and that it was "entitled to judgment as a matter of law." Following argument, the trial court denied the motion, accepting Merchants' interpretation of the policy that

> any act of Ahmad Thiab and/or A and N Food, Incorporated which violates the "concealment, misrepresentation or fraud" provision or falls within the scope of the "dishonest or criminal act" exclusion contained in the policy at issue will void any coverage to which [K&W] might otherwise be entitled, irrespective of whether [K&W] was involved to any extent in the commission of such act.

Prior to trial, the parties stipulated that the only issues that should be submitted to the jury were "whether the fire was set by or at the direction of A and N Food, Inc. and/or Ahmad Thiab, and whether A and N Food, Inc. and/or Ahmad Thiab made material misrepresentations to [Merchants] during the course of its investigation of this fire loss." The parties also agreed that these issues would be submitted to the jury in a special

---

[1] Merchants conceded below that it "found no evidence that K & W was involved with or participated in the wrongful acts of Thiab and A & N."

verdict form.

The jury found that the fire had been set by or at the direction of Thiab and a representative of A&N and that Thiab and a representative of A&N had made material misrepresentations to Merchants. Then, consistent with its prior ruling, the trial court entered judgment in favor of Merchants, and we awarded K&W this appeal.

As noted previously, Thiab and A&N were the named insureds in Merchants' policy and K&W was listed as an additional insured. The policy states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations" and the words "'we,' 'us' and 'our' refer to the Company providing this insurance."

The fraud provision of the policy, relied upon by Merchants when it denied coverage for K&W's claim, is found in the part of the policy related to commercial property coverage. In pertinent part, the provision reads as follows:

> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact . . . .

The dishonest act exclusion of the policy, also relied upon by Merchants when it denied coverage for K&W's claim, reads in pertinent part as follows:

> We will not pay for loss or damage caused by or resulting from any of the following:
>
> . . . .
>
> h. Dishonest or criminal act by you, any of your partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the

property for any purpose.

Citing <u>Rockingham Mut. Ins. Co. v. Hummel</u>, 219 Va. 803, 250
S.E.2d 774 (1979), K&W argues that when, as here, the interests
of coinsureds are severable, an innocent insured is not barred
from recovery by the wrongdoing of another insured over whom the
innocent insured exercises no control.  In <u>Hummel</u>, the insured
property was owned by husband and wife as tenants by the
entirety.  The property was destroyed by fire and the insurer
paid the insureds the amount of the loss.  The insurer later
discovered that the husband had intentionally burned the property
and sought to recover the amount it had paid.  The wife claimed
she was entitled to retain a share of the insurance proceeds.

The insurance policy covering the property named both the
husband and the wife as the "Named Insured" and provided that the
policy would be void "in case of any fraud . . . by the insured."
 <u>Id.</u> at 804, 250 S.E.2d at 775.  We held that because the husband
and wife's legal interest in the insured property was joint and
not severable, the wife's claim was subject to the general rule
that "[w]hen the interests of the insureds are deemed joint and
nonseparable, . . . the innocent insured may not recover under
the policy following a fraudulent act on the part of the other
coinsured."  <u>Id.</u> at 805, 250 S.E.2d at 776.

It follows from this holding, K&W argues, that because it
had no joint interest with either A&N or Thiab and was innocent
of any wrongdoing, it was entitled to recover for its loss.
However, we made an additional holding in <u>Hummel</u>, a holding with
dispositive effect here:

> Furthermore, the form of the insurance contract was joint; the "Named Insured" was [the husband and the wife]. Thus under the policy and as the "insured", each spouse had . . . the joint duty to refrain from defrauding the insurer. If either spouse violated [this duty], the breach was chargeable to the "Named Insured" preventing either spouse from recovering any amount under the policy.

Id. at 806, 250 S.E.2d at 776.[2] Hence, even absent a joint interest between insureds and notwithstanding that one of the insureds may be innocent of any wrongdoing, resort must be had to the form of the insurance contract to determine the rights and liabilities of the parties.

At this point, it is necessary to resolve a dispute between the parties over whether the word "you," as used in the policy, refers only to the named insureds, Thiab and A&N, or to all the insureds, including K&W, which was listed as an additional insured. K&W accuses Merchants of vacillating on the subject, saying at one point in the course of this proceeding that "you" includes only the named insureds and at another point that it includes all the insureds, whether listed as named insureds or as an additional insured.

---

[2] K&W also cites Aetna Ins. Co. v. Carpenter, 170 Va. 312, 196 S.E. 641 (1938). There, the insurer denied coverage on the ground that the insured's 15-year-old daughter, acting as the insured's agent, deliberately set the fire. We affirmed a verdict in favor of the insured, holding there was no proof of either the incendiarism or the agency. Id. at 325, 196 S.E. at 647. We did recognize the rule that "no fraudulent acts of an agent or of a third person, even though the incendiary be a relative, will void the policy unless the insured is implicated in the fraud." Id. at 327, 196 S.E. at 647. However, Carpenter is inapposite. The case involved no policy provisions similar to those at issue here. Indeed, we said that if the insurer desired to avoid coverage for the willful or deliberate act of an agent, it should have included an express exception on the subject.

To resolve the dispute, we will agree with K&W that "you" includes all the insureds.  When so included, K&W maintains, "there can be little doubt that [a] guarantee [contained in the policy] protects K&W as an innocent insured."

Entitled "Control of Property," this "guarantee" provision is found in the part of the policy relating to commercial property coverage.  The provision reads as follows:

> Any act or neglect of any person other than you beyond your direction or control will not affect this insurance.

After quoting this language, K&W concludes that "an innocent insured is not its co-insured's keeper, and if a co-insured acts improperly -- outside the innocent insured's direction or control -- such misconduct 'will not affect this insurance' with respect to the innocent insured."  If the Control of Property provision is not so interpreted, K&W contends, there is ambiguity concerning "the question of whether the fraud clause or dishonest acts exclusion negate[s] coverage for all insureds based upon the acts of any coinsured."

However, to reach the conclusion K&W argues for, one must read the word "you," as used in the Control of Property provision, as though K&W were the only insured, resulting in this reading:

> Any act or neglect of any person other than K&W beyond K&W's direction or control will not affect this insurance.

Under this version, since the act or neglect in question was attributed to Thiab and A&N, a person or entity other than K&W beyond K&W's direction or control, the insurance provided by

Merchants' policy would not be affected.  However, this is an impermissible reading because it ignores the indisputable fact that there are other insureds under the policy.

With "you" interpreted as including K&W, the only proper reading of the Control of Property provision is as follows:

> Any act or neglect of any person other than Thiab, A&N, or K&W beyond Thiab, A&N, or K&W's direction or control will not affect this insurance.

Under this reading, since the act or neglect in question was not attributed to a person or entity other than Thiab, A&N, or K&W, the Control of Property provision simply does not apply, and, contrary to K&W's contention, there is no ambiguity concerning "the question of whether the fraud clause or dishonest acts exclusion negate[s] coverage for all insureds based upon the acts of any coinsured."

Indeed, the reading we give the Control of Property provision is entirely consistent with the view that the fraud clause and dishonest acts exclusion negate coverage for all insureds based upon the acts of any coinsured.  The fraud clause provides that coverage is void "in any case of fraud by you" or "if you or any other insured . . . intentionally conceal or misrepresent a material fact."  We read this language to mean that coverage will be void in the event K&W or either of its coinsureds acted fraudulently or intentionally concealed or misrepresented a material fact. The dishonest acts exclusion provides that the insurer "will not pay for loss or damage caused by . . .  [a d]ishonest or criminal act by you."  We read this language to mean that the insurer will not pay for loss or damage

in the event any one of the three insureds commits a dishonest or criminal act.  This exclusion, however, contains additional language demonstrating the error of K&W's position that an innocent insured is entitled to coverage notwithstanding the wrongdoing of others.  Although a particular insured might be innocent of wrongdoing, the exclusion bars coverage for loss or damage caused by the dishonest or criminal act of that insured's "partners, employees, directors, trustees, authorized representatives or anyone to whom [that insured] entrust[s] the property for any purpose."

Similar to the situation in Hummel, the three insureds here had the joint duty to refrain from defrauding the insurer and committing dishonest or criminal acts.  And, as in Hummel, if any one of the insureds violated that duty, "the breach was chargeable to the [other insureds] preventing [all the insureds] from recovering any amount under the policy."  219 Va. at 806, 250 S.E.2d at 776.

K&W argues, however, that "[e]ven if the policy language could be read unambiguously to support the insurer's restrictive interpretation, a clause barring an innocent insured from recovery based on occurrences fully outside his control runs afoul of Va. Code § 38.2-2105 and the public policy underlying that statute."  Code § 38.2-2105, which prescribes standard language for inclusion in a fire insurance policy, reads as follows:

> This entire policy shall be void, if whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or

the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

K&W says that "[p]lainly, this language speaks in terms of actions by the insured -- not any other possible insured -- as the trigger for voiding coverage" and that this "is consistent with the concept that an innocent insured (who does not share a joint interest in property with the wrongdoer) should not lose coverage based on the unratified wrongdoing of a coinsured."

In response to an argument by Merchants that "nothing in Va. Code § 38.2-2105 prevents 'the insured' as used in that section 'from being defined as all of the identified insureds,'" K&W submits that "[t]o the contrary, basic rules of grammar reveal that 'the insured' is singular and 'all insureds' is plural." Furthermore, K&W asserts, "[o]ther courts have viewed 'the insured' in this context as referencing the individual wrongdoing insured and not all innocent co-insureds."

We disagree with K&W. With due deference to the other courts whose decisions K&W cites, we do not think it is reasonable to read the term "the insured" in Code § 38.2-2105 as encompassing only a wrongdoing insured. Had this been the General Assembly's intention, it could have expressed the intention merely by prescribing a standard provision stating that a policy shall be void as to any insured who engages in the proscribed conduct, thus insulating an innocent insured against a coinsured's wrongdoing.

We are not at liberty to substitute the italicized language for the words the General Assembly actually used. And without

such substitution, the fraud provision and the dishonest acts exclusion of Merchants' policy do not run afoul of Code § 38.2-2105 and the public policy underlying that statute.

Finding no error in the judgment of the trial court, we will affirm the judgment.

Affirmed.