282

## CIRCUIT COURT OF BOTETOURT COUNTY

Gary W. Guilliams
and Karen K. Guilliams

v.

Old Mill Country Store, Inc.

October 28, 1998

Case No. CL98-000025

BY JUDGE DUNCAN M. BYRD, JR.

On October 9, 1998, the Court heard arguments upon defendant's Motion in Limine. At the conclusion of the hearing, the Court reserved judgment pending a review of the arguments and Memoranda of counsel. For reasons which follow, the Court will deny the defendant's Motion in Limine.

Plaintiffs Gary and Karen Guilliams are married and jointly own residential property in Botetourt County with survivorship. On February 5, 1996, Mr. Guilliams filled his kerosene heater with gasoline from the defendant's service station, mistaking the gasoline pump for a kerosene dispenser. The resulting smoke and soot caused approximately $30,000.00 in property damages. Plaintiffs then filed a claim alleging defendant's negligence in failing to mark the gasoline pump clearly. Defendant denies primary negligence and asserts contributory negligence. Defendant's Motion in Limine suggests that Mr. Guilliams' contributory negligence should be imputed to Mrs. Guilliams because of the rights of survivorship in plaintiff's joint tenancy.

With the exception of some community property states, jurisdictions today reject the theory of contributory negligence imputed from spouse to spouse. *Schoenrock v. Sisseton*, 103 N.W.2d 649, 653 (S.D. 1960); *Blondon v. Carr*, 151 A.2d 121, 123 (Vt. 1959); *Ingersol v. Mason*, 254 F.2d 899, 903 (8th Cir. 1959); *Ward v. Baskin*, 94 So. 2d 859, 866 (Fla. 1957); *Olson v. Kennedy Trading Co.*, 272 N.W. 381, 384 (Minn. 1937); *Rogers v. Saxton*, 158 A. 166, 168 (Pa. 1931). In *Rogers*, the court emphasized that "negligence in the conduct of another will not be imputed to a party if he neither authorized such

conduct, nor participated therein, nor had the right or power to control it." *Rogers*, 158 A. at 169 (quoting *Koplitz v. City of St. Paul*, 90 N.W. 794 (Minn. 1947)). Virginia has followed this rule as well. *Painter v. Lingon*, 193 Va. 840, 71 S.E.2d 355 (1952), similarly held that the husband's negligence was not imputable to his wife, the plaintiff.

Although all of the above cases involve automobile accidents (which include the additional issue of imputed negligence between driver and passenger), their collective breadth of language suggests the obsoleteness of imputed contributory negligence from one spouse to another. This suggestion gains credence from the hornbook *The American Law of Torts*: "Other former instances of application of a doctrine of imputed contributory negligence, but now utterly rejected, include: husband and wife (except in some few community property states); parent and child; and bailee and his bailor." Stuart M. Speiser, Charles F. Krause, & Alfred W. Gans, *The American Law of Torts*, § 12:21, at 557.

In the instant case, defendant asserts that plaintiffs' right of survivorship necessitates an imputed contributory negligence. In support of this assertion, defendant offers *K & W Builders, Inc. v. Merchants and Businessmen's Mut. Ins. Co.*, 255 Va. 5, 495 S.E.2d 473 (1988). *K & W* involves an insurance policy listing the lessor of a building as co-insured with the lessee who took out the insurance policy. After the building caught fire, evidence showed that the lessee had committed arson, and the insurer refused to pay lessor or lessee. The Virginia Supreme Court refused to allow the innocent lessor to collect, tying the two insured parties together as one. *K & W*, 233 Va. at 12, 495 S.E.2d at 480.

However, plaintiffs properly argue that *K & W* and its predecessor, *Rockingham Mut. Ins. Co. v. Hummel*, 219 Va. 803, 250 S.E.2d 774 (1979), turn on the specific policy language. In each, the insurance contract defines the applicable duties and stipulations. Nowhere in *K & W* is the suggestion that the holding allows a broad implication of imputed contributory negligence. Instead, *K & W* and *Rockingham* hold only that an innocent insured party may be barred from recovery when its co-insured commits insurance fraud.

Defendant further offers a selection from 57B Am. Jur. 2d, *Negligence*, §§ 1799, 1802. This authority states that "an exception to the rule that the negligence of one spouse will not be imputed to the other is made in certain cases in which any recovery would become the joint property of both spouses, and thereby profit or enrich the spouse whose fault contributed to the harm." This quotation encapsules the unjust enrichment policy argument for imputed negligence. The selection, however, reinforces its position with a list of examples exclusively from community property states, implying that perhaps

those "certain cases" arise only in the nine states that recognize community property.

There is some validity to the fear of unjust enrichment by a contributorily negligent party if that negligence is not imputed, particularly in the case of a right of survivorship. Nonetheless, defendant has provided no compelling authority for a rule allowing imputed contributory negligence in such circumstances.

In light of the aforesaid principles of law, the Court will decline to adopt such a ruling. Accordingly, the defendant's Motion in Limine should be denied.