Syllabus.

## Staunton

## EDGEWOOD DISTILLING CO., INC., v. ROSSER'S ADMINISTRATOR AND OTHERS.

September 7, 1914.

1. HOMESTEAD—*Merchandise After Death of Owner—Shifting.*—A stock of merchandise ceases to be shifting upon the death of the owner thereof, and becomes fixed and stable, and it or proceeds of the sale thereof may be subject to the claim of homestead by the infant children of the former owner.

2. HOMESTEADS—*Removal of Infants from State.*—Infants residing with their father in this State become entitled to claim a homestead in his estate immediately upon the death of their father. This estate cannot be divested by any act on the part of the infants, and is not lost by the fact that they are thereafter removed from the State by their mother and guardian who has absolute control over their movements.

3. HOMESTEADS—*Unpaid for Goods—Death—Confusion of Goods.*—The doctrine of confusion of goods is a rule of necessity, and imposes loss, not upon the innocent, but upon one who wilfully mixes his goods with those of another, so that they cannot be distinguished and separated. It has no application to the case of a merchant who, at the time of his death, has on hand some goods not paid for which are placed along with his other stock. The market value of so much of the goods on hand and not paid for at the time of his death is the full measure of the seller's recovery superior to the claim of homestead of his infant children.

4. HOMESTEADS—*Money—Infant Claimants—Investment by Court.*— When a homestead is claimed by infants in money in the hands of an administrator, their mother having married again, the rights of all parties will be best conserved if the court shall administer the estate by a receiver appointed for the purpose, the usufruct from time to time to be paid by him to guardians of the infants, and the *corpus* held for the benefit of creditors after the termination of the homestead.

Appeal from a decree of the Circuit Court of Taze-
well county.  Decree for the defendants.  Complainants
appeal.

*Amended and Affirmed.*

The opinion states˙ the case.

*Russell S. Ritz,* for the appellant.

*Sexton & Roberts,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This is a controversy between the appellant, a creditor
of the estate of J. E. Rosser, deceased, and the infant
children of the decedent, over a claim by the latter to
a homestead exemption in the proceeds of sale of the
personal estate made by his administrator.

Rosser had been a retail liquor dealer in the town of
Pocahontas, and died intestate survived by his wife (who
intermarried with one Thomas H. Brown), and three
infant children.  The eldest child lives in Virginia.
Brown qualified as guardian of the two younger children,
and they were taken by him to West Virginia, where
they now reside.

The administrator caused an inventory and appraise-
ment to be made of the property, including the stock of
goods on hand at the death of the intestate.  Shortly
thereafter he sold the entire personal estate in bulk at
public auction.  The assets comprised goods on hand,
fixtures, equipment, lease of the building, the unexpired
liquor license, and good will; and all brought at the sale
the gross sum of $2,550.

After the sale, the guardian of two of the infants and
the next friend of the remaining child filed homestead

deeds on their behalf claiming an exemption of $2,000 out of the money in the hands of the administrator. Rosser was heavily indebted at the time of his death, and after the occurrences narrated above a creditors' suit was brought to administer the estate under the direction of the court.

The case was referred to a commissioner in chancery to take the usual accounts, and moreover to inquire whether or not the infant defendants, or any of them, were entitled to have set apart to them a homestead out of the assets. The report upon that inquiry being favorable to the infants was excepted to by the Edgewood Distilling Co., Inc., a creditor. The court passed a decree overruling the exception and directing the administrator (after distributing among the creditors the portions of the fund to which they were severally ascertained to be entitled) to pay to the guardians of the infants the amounts reported in their favor under the homestead deeds. From that decree this appeal was allowed.

Three grounds are alleged against the allowance of the homestead:

1. Because the Constitution, sec. 191, and the statute (Code, sec. 3630) both declare that such exemption "shall not be claimed or held in a shifting stock of merchandise."

The exemption, in this instance, does not come within the inhibition. It is true the fund in question is in part the product of the sale of goods in stock in Rosser's lifetime, and at that time constituted a shifting stock of merchandise within the meaning of the prohibition; but upon his death, by operation of law, title to all his personal assets devolved upon his administrator, who had neither added to the stock by purchase nor diminished it by sale. In other words, the business absolutely terminated with the death of Rosser, and the stock ceased

to be shifting and became fixed and stable, and so remained intact until, as remarked, it was converted into money by the administrator by a sale at public auction and in bulk.

2. It is also contended that with respect to two of the infants, their claim to a homestead should not prevail because they are non-residents of the State.

The effect of that contention, if sound, would be to vest the entire homestead in the eldest child who admittedly resides in Virginia. But the pretension is without merit. The infants were residing in this State with their father, and upon his death their right to a homestead in the property immediately attached. That estate could not have been devested by any act on the part of the infants, and with stronger reason they could not be deprived of it by the adventitious circumstance of their being carried beyond the borders of the Commonwealth by their mother and guardian, who absolutely controlled their movements.

In *Clendening* v. *Conrad*, 91 Va. 410, 21 S. E. 818, the right of infants, who had been moved from Virginia to West Virginia by their guardian, to claim a homestead in their parent's estate does not seem to have been questioned. See also, Burks' Pl. & Pr. 791, 21 Cyc 571-2.

3. The remaining contention is that since the fund in the hands of the administrator is partly composed of the proceeds of sale of whiskies bought by Rosser from appellant and on hand at the time of his death, the right to the exemption does not attach; that by the provisions both of the Constitution, sec. 190, and the statute, Code, sec. 3630, the exemption does not extend to a demand ''for the purchase prices of the property, or any part thereof. If the property purchased and not paid for be exchanged for, or converted into, other property by the debtor, such last-named property shall not be exempted

from the payment of such unpaid purchase money . ."

Appellant invokes the doctrine of confusion of goods, and insists that the price of these whiskies constitutes part of the fund, which cannot be separated from the price of other assets of the estate which entered into it at the sale in bulk, and consequently that its entire demand must be paid out of the joint fund in preference to the exemption.

It appears that the liquor sold by appellant to Rosser and not disposed of at the time of his death, was appraised separately and at its market value—that is to say, at the price actually agreed to be paid for the goods by Rosser and the expense of putting them in the house. This was the full measure of recovery, superior to the claim of homestead, to which the commissioner ascertained appellant to be entitled, and the court correctly confirmed that finding.

The doctrine of confusion of goods has no application to the facts. It is a rule of necessity, and imposes loss not upon the innocent, but upon one who wilfully mixes his goods with those of another so that they cannot be distinguished and separated. Appellant was allowed, as against the exemption, the contract price of the whiskies sold by the administrator, and that was all it was entitled to demand.

4. The decree appealed from directed the administrator to pay the exemption allowed the infants to their guardians. In the circumstances of this case (the widow having married), the homestead set apart enures to the benefit of the "minor children until they respectively attain the age of twenty-one years, or marry, if they marry before attaining that age." Code, secs. 3635, 3636. The homestead, as we have seen, consists of money in the hands of the administrator, and the creditors of the estate will be entitled to the principal fund after the homestead estate terminates.

We are of opinion that the rights of all parties will best be conserved if the court shall administer the estate by a receiver appointed for the purpose, the usufruct from time to time to be paid by him to the guardians of the infants, and the corpus held for the benefit of creditors after the termination of the homestead.

The decree, therefore, must be amended in the particular indicated, and as amended will be affirmed.

*Amended and Affirmed.*