**James Benjamin HAMBY, Bankrupt, Appellant,**

v.

**ST. PAUL MERCURY INDEMNITY COMPANY, Creditor, Appellee.**

**No. 6872.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 20, 1954.

Decided Nov. 9, 1954.

Hoskins M. Sclater and R. H. Sclater, Roanoke, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

 This is an appeal in bankruptcy proceedings from an order exempting a debt due by the bankrupt from the operation of a discharge order. The bankrupt, one Hamby, was a real estate agent operating in the State of Virginia and the indebtedness denied discharge arose out of the misappropriation by him of moneys with which he had been entrusted by the purchaser of real estate to pay off the liens and claims against it. Judgment had been entered against him in the state court for this indebtedness with a finding by the judge that he had "misappropriated the funds which passed through his hands" and a direction that a notation be entered on the judgment that it was "tainted with fraud". The Referee in Bankruptcy held that the debt should be denied discharge under section 17, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(2). The District Judge affirmed the order of the referee, holding that discharge should be denied under that section and also under section 17, sub. a(4), 11 U.S.C.A. § 35, sub. a(4). The pertinent portion of these sections is as follows:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another * * * or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity * * *."

Whether discharge should be denied under subsection 2 for fraud in contract-

Arthur E. Smith, Roanoke, Va., for appellant.

ing the debt or for injury[1] to the property of another, we need not stop to inquire, as we are in agreement with the District Judge that discharge should be denied because of fraud and misappropriation by bankrupt while acting in a fiduciary capacity. The misappropriation is admitted and we think there can be no question as to the fiduciary capacity. As said by Judge Phillips in Com'r v. Owens, 10 Cir., 78 F.2d 768, 773:

> "The term fiduciary is derived from the civil law. Smith v. Ogilvie, 127 N.Y. 143, 27 N.E. 807. It connotes the idea of trust or confidence. Stoll v. King, 8 How.Prac. 298, 299; Smith v. Ogilvie, supra; [1] Bouvier's Law Dict. (Rawle's 3d Rev.) p. 1216. The relation arises whenever the property of one person is placed in charge of another."

See also 16 Words and Phrases, p. 501 et seq.; A.L.I. Restatement of Trusts, sec. 2, comment b; Matteson v. Kellogg, 15 Ill. 547, 5 Peck 547, 548; Wolfe v. Brouwer, 28 N.Y.Super.Ct. 601, 5 Rob. 601, 603; In re Herbst, D.C., 22 F.Supp. 353, affirmed sub nom. Central Hanover Bank & Trust Co. v. Herbst, 2 Cir., 93 F.2d 510; Citizens Mut. Auto Ins. Co. v. Gardner, 315 Mich. 689, 24 N.W.2d 410, 411–412; American Surety Co. of New York v. Greenwald, 223 Minn. 37, 25 N.W.2d 681, 685; Hickey v. Hickey, 371 Ill. 476, 21 N.E.2d 579, 581; Nagel v. Todd, 185 Md. 512, 45 A.2d 326, 327.

■■ This is not a case of a constructive trust nor of an agency such as that of a commission merchant or broker, where the principal agrees that his property be sold and that a mere debtor-creditor relationship be created as to the proceeds. It is a case of one who occupies under the law a fiduciary relationship and to whom money has been entrusted because of that relationship to be applied to a specific purpose. The Supreme Court of Appeals of Virginia has said: "Real estate agents occupy a fidu-

ciary relation to their clients, and so long as that relation continues the agent is under a legal obligation, as well as a high moral duty, to give to his principal loyal service * * *." Barnard v. Gardner Inv. Corp., 129 Va. 346, 106 S.E. 346, 348. Certainly there can be no question as to the existence of the fiduciary capacity in a case where the agent has been entrusted with money to be used for a specific purpose. To hold otherwise, we think, would be to narrow unreasonably the broad language used by Congress in denying discharge where there has been misappropriation by a bankrupt while acting "in *any* fiduciary capacity." (Italics supplied.)

We do not regard the cases relied on by the bankrupt as holding the contrary. Hennequin v. Clews, 111 U.S. 676, 4 S. Ct. 576, 28 L.Ed. 565, and Noble v. Hammond, 129 U.S. 65, 9 S.Ct. 235, 32 L.Ed. 621, did not deal with fiduciary relationships such as had been created here, but with constructive trusts or trusts implied by law. See Forsyth v. Vehmeyer, 177 U.S. 177, 181, 20 S.Ct. 623, 44 L.Ed. 723. And the case here is not like that of a factor or broker, such as was involved in Chapman v. Forsyth, 2 How. 202, 11 L.Ed. 236, where it is intended that a mere debtor-creditor relationship be created with respect to the proceeds of property sold. Not all agents act in a fiduciary capacity; but, certainly, an agent is acting in such capacity when he is handling funds which have been entrusted to him to be applied to a specific purpose. The case of a real estate agent who misappropriates such funds cannot be distinguished in principle from that of an attorney at law who is guilty of such misappropriation. While there are some cases to the contrary, the weight of authority is to the effect that the attorney is not entitled to discharge from indebtedness so created. 1 Collier on Bankruptcy sec. 17.24; 7 Remington on Bankruptcy sec. 3589 n. 71; Heffren v. Jayne, 39 Ind. 463, 13 Am.Rep. 281;

---

1. As to denial of discharge on this ground where there was conversion of property, see McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205.

Flanagan v. Pearson, 42 Tex. 1, 19 Am. Rep. 40; In re Kane, 2 Cir., 48 F.2d 96; In re Gelson, D.C., 12 F.Supp. 924; Wennerholm v. Wennerholm, 382 Ill. 254, 46 N.E.2d 939, 943, 944. As said in Collier on Bankruptcy, supra:

"* * * attorneys, bank officers, executors and administrators, guardians, receivers, the president of a private corporation entrusted with funds for a particular purpose, and, of course, other technical trustees have been held to be acting in a fiduciary capacity within the meaning of this provision."

 The purpose of the Bankruptcy Act is to grant a discharge of honest debts to honest debtors, not to grant discharges to those who have dishonestly misappropriated funds entrusted to them. The bankruptcy act of 1898 denied discharges from "judgments in actions for frauds, or obtaining property by false pretenses or false representations". 30 Stat. 550. The amendment of 1903, 32 Stat. 798, substituted "liabilities" for "judgments", its evident purpose being to broaden the class of claims for which discharge should be denied on the ground of fraud, not to narrow it. Section 17, sub. a(2) quoted above was intended to cover fraud in obtaining possession of money or property; section 17, sub. a(4), fraud in the misappropriation of money or property by one who had been entrusted with it and was rightfully in possession. Some of the old cases decided prior to the amendment of 1903 went pretty far in narrowing the meaning of the language used in 17, sub. a(4); but, in the light of the purpose of the amendment of 17, sub. a(2) made by the act of 1903, we do not think that the meaning of 17, sub. a(4) should be further narrowed. Debts contracted by fraud, not involving false pretense or false representation, even though reduced to judgment, cannot now be denied discharge under 17, sub. a(2). If contracted through fraud which involves misappropriation by one acting in a fiduciary capacity with respect to funds which have been entrusted to him, they should unquestionably be denied discharge under 17, sub. a(4). Congress could not reasonably have intended that debts involving flagrant dishonesty of this sort should be granted a discharge.

Affirmed.