In re INDEPENDENCE LAND TITLE
CORPORATION OF
ILLINOIS, Debtor.

U.S. LIFE TITLE INSURANCE COMPA-
NY OF NEW YORK, Plaintiff,

v.

Jay A. STEINBERG, Trustee.

Bankruptcy No. 80 B 3675.
Adv. No. 81 A 969.

United States Bankruptcy Court,
N. D. Illinois, E. D.

March 31, 1982.

Edna S. Epstein, Sidley & Austin, Chica-
go, Ill., for U.S. Life.

Jay A. Steinberg, Chicago, Ill., trustee.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the motion of U.S. Life Title Insurance Compa-ny of New York (U.S. Life) for partial summary judgment. The defendant in this adversary complaint is Jay A. Steinberg, trustee of the debtor Independence Land Title Company of Illinois (Independence). The court having carefully considered the briefs and memoranda filed, having exhaus-tively researched the issues presented and being fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Carl Staub, a homebuyer, purchased a title insurance policy from Independence which was underwritten by U.S. Life. At the closing, Staub gave Independence $106,-161 in its capacity as escrow agent. Inde-pendence deposited the money into escrow account # 0115–658 at the First National Bank of Geneva (the escrow account). In-dependence was obligated to use the money in the escrow account to pay off liens and claims against Staub's property and an In-dependence officer drew a check on the escrow account to pay off the construction mortgagee. The check, however, was never delivered to the construction mortgagee. U.S. Life as the underwriter on the policy, and pursuant to demand, paid the construc-tion mortgagee $106,161, thereby removing all liens and claims from Staub's property.

Staub's title insurance policy contained a subrogation clause. The clause provided that if U.S. Life paid off any claims pursu-ant to the policy, it would become subrogat-ed to Staub's rights. U.S. Life filed suit against the trustee herein as subrogee un-der Staub's policy.

The trustee now holds about $59,000 which he collected from various escrow accounts once maintained by Independence. The evidence fails to show that any of the funds now held by the trustee can be identified and traced back to Staub's escrow account.

## DISCUSSION

This is an appropriate case for summary adjudication because there is no genuine issue as to any material fact. Federal Rules of Civil Procedure, Rule 56(c).

Pursuant to the subrogation clause in Staub's policy U.S. Life is properly subrogated to Staub's rights. U.S. Life has the same rights as Staub, but no greater rights. The issue therefore becomes, what are Staub's rights in the fund held by the trustee?

U.S. Life contends it is entitled to the entire fund in the trustee's hands, to the exclusion of all other creditors. For Staub to be entitled to all the funds, he must prove himself a secured creditor. In the instant case, Staub cannot be viewed as a secured creditor. Therefore, U.S. Life cannot receive all the funds.

The court holds that the extent to which Staub can identify and trace any money from the original escrow account into the trustee's fund is the extent to which Staub can claim the identified and traceable funds as his own, to the exclusion of all other creditors. However, to the extent that Staub cannot identify and trace the trustee's funds as proceeds of the original escrow account, Staub only has the rights of a general unsecured creditor. Numerous cases have held that when a trustee possesses funds which the debtor once held as trustee or agent, the person claiming such funds is a general unsecured creditor to the extent he cannot identify or trace the funds in the trustee's hands back to the original trust or escrow account. See, *Schuyler v. Littlefield*, 232 U.S. 707, 34 S.Ct. 466, 58 L.Ed. 806 (1914); *Elliott v. Bumb*, 356 F.2d 749 (9th Cir. 1966); *Gulf Petroleum S.A. v. Collazo*, 316 F.2d 257 (1st Cir. 1963); *Hamby v. St. Paul Mercury Indemnity Co.*, 217 F.2d 78 (4th Cir. 1954); 4 *Collier on Bankruptcy*, §§ 541.08[2], 541.13 (15th Ed. 1979).

## CONCLUSION

In the instant case, there is an absence of evidence showing that the money held by the trustee is money from, or proceeds of, the escrow account into which Staub's funds were deposited. In the absence of such identification and tracing Staub, and his subrogee U.S. Life, are merely general unsecured creditors of the debtor's estate. While it is possible that the creditor's claim could be declared nondischargeable (11 U.S.C. § 523(a)(1) through (6)) it would thwart the general bankruptcy principle of equality of distribution to creditors of equal status if this court allowed U.S. Life to receive all the funds held by the trustee, to the exclusion of all other creditors.

Moreover, U.S. Life underwrote a risk on an insurance policy and "Insurance contemplates the certainty of losses and is written with the expectation that losses will take place with regularity." Cushman, *Surety Bonds on Public and Private Construction Contracts*, 46 A.B.A.J. 649, 652 (1962).

WHEREFORE, IT IS HEREBY ORDERED that the motion of U.S. Life Title Insurance Company of New York be and hereby is denied.