**In re Theron R. HAYES, t/a Springfield Jewelers, Hayes Jewelers, Debtor.**

**Bankruptcy No. 90–30017–RS.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Sept. 10, 1990.

Leonard E. Starr, III, Sandston, Va., for debtor.

Kevin R. Huennekens, Richmond, Va., Chapter 7 Trustee.

Debera F. Conlon, Asst. U.S. Trustee, Norfolk, Va.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court upon the trustee's objection to the debtor's claim of his homestead exemption. For the reasons set forth in the Memorandum Opinion, the Court dismisses the trustee's objection.

### FINDINGS OF FACT

Theron Hayes ("debtor") was the owner of two jewelry businesses, one operating as Hayes Jewelers in Richmond, Virginia, and the other as Springfield Jewelers in Springfield, Virginia. Mounting pressure from creditors forced the debtor to file a personal Chapter 7 bankruptcy petition on January 4, 1990. The debtor filed his case as a no-asset case, indicating that there would be no assets available for distribution to general creditors after the debtor's claim of exemptions.

Pursuant to Virginia Code § 34–4, the Virginia Homestead Exemption, the debtor sought to exempt the following property, real and personal:

1) House and lot ................. 500.00
2) Cash ......................... 100.00
3) Deposits ..................... 100.00
4) Chair (25), Color TV (50), 2 end tables (25) ............... 100.00
5) Various Jewelry.............. 4,000.00
6) Tax Refunds.................... 10.00
7) Wages......................... 10.00
8) Security Deposits .............. 10.00
9) Personal Jewelry.............. 100.00
10) 1987 Plymouth ................ 500.00
11) 1987 Ford Bronco .............. 10.00
12) 1972 Jeep (not running) ......... 10.00
13) 1970 Ford Torino .............. 10.00
14) 1978 Datsun (not running)....... 10.00

TOTAL ...................... 5,470.00

The trustee's objection to the debtor's claim of exemption focuses on the debtor's failure to disclose numerous financial transactions immediately prior to and following the debtor's bankruptcy filing. The debtor sold his Springfield store, paying the lien creditor and costs associated with the closing from the proceeds of the sale. After deducting the amount of the lien and the costs of sale, the debtor netted slightly over $2,000. Contemporaneous with this transaction, the debtor consigned approximately $50,000 of jewelry to the purchasers of the store. In an unrelated transaction, the debtor refinanced his home, receiving approximately $40,000 from Old Stone Credit Corporation. Upon one or more occasions shortly prior to filing bankruptcy, the debtor gambled away the proceeds of the refinancing in Atlantic City, N.J. Following the filing of his bankruptcy petition, the debtor transferred $500 to his son. The debtor also transferred $2,500 to his attorney, Ivan Morton ("Morton"), in consideration of legal services and some jewelry which Morton sold to the debtor.

At the hearing on the trustee's objection to the debtor's claim of his homestead exemption, the debtor admitted that his bankruptcy schedules contained a plethora of inaccuracies. Among the significant omissions, the schedules failed to disclose: (1) the sale of the debtor's Springfield business; (2) the fact that $50,000 worth of the debtor's jewelry was consigned to the purchasers of his business; (3) the refinancing of his home; (4) the correct amount of money he had paid to his attorney; (5) the substantial gambling losses which he had suffered; (6) the post-bankruptcy transfer of $500 to the debtor's son; and (7) the debtor's possession of a safe deposit box. Finally, the Debtor's schedules listed the debtor's cash on hand as $100 when in actuality the debtor possessed $3,000. The debtor was required, under penalty of perjury, to provide accurate information in his bankruptcy schedules.

The trustee argues that the debtor's litany of false statements made in his bankruptcy schedules constituted an attempt by the debtor to defraud his creditors by concealing his assets. As a consequence of this conduct, the trustee asks the Court to deny the debtor his homestead exemption. The debtor asserts that the mounting stress brought on by his rapidly declining financial situation rendered him incapable of properly filling out his schedules, and asks the Court to dismiss the trustee's objection.

## CONCLUSIONS OF LAW

The sole question before the Court is whether a debtor may be denied his homestead exemption because of fraudulent conduct. The Bankruptcy Code permits debtors to exempt property from distribution to creditors pursuant to provisions of state law, and the scope of the exemption is fixed by state law. 11 U.S.C. § 522(b)(2); *In re Johnson*, 880 F.2d 78, 79 (8th Cir. 1989). The Virginia homestead exemption is set forth in § 34–4 of the Virginia Code,[1] and entitles an individual to exempt $5,000

---

1. Virginia Code § 34–4 provides, in pertinent part:

Every householder or head of a family residing in this State shall be entitled ... to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding $5,000....
Virginia Code Ann. § 34–4 (1978).

worth of real or personal property from execution by creditors.[2] The trustee's argument focuses on the debtor's overall course of conduct, and whether this conduct gives the Court cause to deny the debtor his homestead exemption.

■ In analyzing the trustee's objection, the Court is mindful that the Virginia Homestead Exemption is intended to shield helpless and unfortunate debtors and their families from the onslaught of creditors, and consequently must be liberally construed so as to afford the relief which the legislature intended the debtor to enjoy. *Linkenhoker v. Detrick*, 81 Va. 44 (1885). *See also Goldburg Co., Inc. v. Salyer*, 188 Va. 573, 50 S.E.2d 272, 274 (1948); *In re Redmon*, 31 B.R. 756, 759 (Bankr.E.D.Va. 1983) ("Courts must liberally construe the law pertaining to homestead deeds in favor of debtors...."); *In re Smith*, 22 B.R. 866, 867 (Bankr.E.D.Va.1982) ("Courts in Virginia are required to liberally construe statutes relating to homestead laws in favor of debtors in order to protect the debtors and their families"). According to the Bankruptcy Court for the Western District of Virginia:

> With reference to homestead exemptions, courts employ the most liberal and humane rules of interpretation to insure the unfortunate debtor and his equally unfortunate but more helpless family, the shelter and influence of the object which the exemption provides.

*In re Snellings*, 10 B.R. 949, 952 (Bankr.W.D.Va.1981). The Virginia homestead exemption protects the families of debtors by allowing the householder's spouse and minor children retain the exemption after the debtor's death. *See generally Hanby v. Henritze*, 85 Va. 177, 7 S.E. 204 (1888); *Edgewood Distilling Co. v. Rosser*, 116 Va. 624, 82 S.E. 716 (1914). As evidenced by the prevailing authority, especially the authority in this district, the Court does not lightly regard a Virginia debtor's entitlement to his homestead exemption.

The trustee argues that Virginia Code § 34-5 operates to deprive the debtor of his homestead exemption. Section 34-5 provides that the homestead exemption does not apply to liabilities incurred by a fiduciary.[3] The trustee cites *Hamby v. St. Paul Mercury Indemnity Co.*, 217 F.2d 78 (4th Cir.1954), for the proposition that a fiduciary relationship arises whenever the property of one person is placed in the charge of another. The court in *Hamby*, however, held that a fiduciary relationship arose out of the debtor's position as a real estate agent entrusted with funds to be used for a specific purpose, not merely because he was in possession of property of another. *Id.* at 80; *In re Kelley*, 429 F.Supp. 969, 972 (E.D.Va.1977). The court relied on the fact that Virginia law clearly recognized that real estate agents serve in a fiduciary capacity. *In re Shipe*, 41 B.R. 584, 588 (Bankr.D.Md.1984). No such trust relationship is present in the case at bar. Not only does *Hamby* fail to support the trustee's position, but the Court cannot find from the facts that the debtor breached any fiduciary relationship which would support denying him his exemption under § 34-5.

Turning to the facts in this case, the Court is struck by the number of misstatements and omissions of the debtor which surround this bankruptcy, beginning with the debtor's bankruptcy schedules. Most of these questions on the schedules required little or no legal knowledge, and were as simple as whether or not the debtor owned a safe deposit box. Given the relative simplicity of the information elicited by the questions on debtor's schedules, the Court questions the debtor's veracity when he claims to have been confused as to what information was required. At the very least, the schedules evince an utter carelessness and negligent disregard of the responsibilities imposed on the debtor by the Bankruptcy Code.

■ Egregious as the debtor's conduct may be, the Court is unable to cite any

---

2. Although the issue is not directly before the Court at this time, it should be noted that Hayes' claimed exemptions, as previously set forth, exceed the $5,000 limit.

3. Virginia Code § 34-5 was amended after the commencement of this suit and the section pertaining to breach of a fiduciary duty as grounds for denying an exemption was deleted.

Virginia authority squarely holding that a debtor forfeits his right to claim his homestead exemption as a consequence for fraudulent conduct. In the absence of relevant Virginia authority bearing on the question, the Court will not deprive the debtor of his entitlement to his homestead exemption. Even in *Hamby* the debtor was denied his discharge in bankruptcy, not his exemption. Although the scope of the homestead exemption is fixed by state law, the debtor's right to discharge is governed by federal law. *In re Johnson,* 880 F.2d at 79; *Norwest Bank Nebraska, N.A. v. Tveten,* 848 F.2d 871 (8th Cir.1988). In *Norwest Bank v. Tveten* and *In re Johnson* the Eighth Circuit found that when debtors engaged in fraudulent conduct in claiming their exemptions, the denial of discharge was the proper remedy. Similarly, in a case arising under Virginia law, the Fourth Circuit upheld the denial of a debtor's discharge in bankruptcy where there was extrinsic evidence of fraud in the debtor's conversion of nonexempt property into exempt property. *Ford v. Poston,* 773 F.2d 52 (1985). These cases lead the Court to believe that where, as here, state law does not provide for the denial of the homestead exemption for fraudulent conduct, the proper course of conduct for the trustee to follow is to object to discharge. The Court expresses no opinion as to the possible merits of such an action by the trustee.

The Court's decision is in accord with the majority of Virginia decisions which hold that the provisions of the homestead exemption are to be construed in the debtor's favor. Accordingly, the Court should dismiss the trustee's objection to the debtor's claim of his homestead exemption.

An appropriate Order will issue.