In re Wayne Allen BEAHM, Debtor.

ROCKINGHAM MUTUAL INSURANCE CO., Plaintiff,

v.

Wayne Allen BEAHM, Defendant.

ROCKINGHAM MUTUAL INSURANCE CO., Movant,

v.

Wayne Allen BEAHM, Respondent.

Bankruptcy No. 5–94–00332–7.
Adv. Pr. No. 5–94–00027A.
Motion No. 1.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 23, 1995.

**840**

Robert P. Dwoskin, Charlottesville, VA.

Lorrie A. Bradley, Woodstock, VA.

---

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

By decision and order dated November 30, 1994, this Court deferred a ruling on the debtor's entitlement to claim an exemption under Code of Virginia § 34–4 in the proceeds from the sale of the debtor's property which is subject to the judgment lien of Rockingham Mutual Insurance Company. Prior to the entry of the November 30, 1994 order, counsel for Rockingham Mutual Insurance Company submitted its written memorandum of authority in support of its position objecting to the claimed exemption on grounds of the public policy of Virginia. Debtor's counsel was given thirty (30) days to file his written memorandum of authority in support of the claimed exemption and the Court set oral argument for January 6, 1995, in Harrisonburg. Debtor's counsel complied with the Court's order to submit written authority and hearing was held in Harrison-

burg, Virginia, on January 6, 1995, on the objection to the claimed exemption. The Court took the matter under advisement. The Court has reviewed the relevant pleadings and memoranda of authority in this case.

Rockingham Mutual Insurance Company is not able to cite any authority, either statutory or decisional, which supports its position that the exemption should be denied. Instead, it argues that the public policy in Virginia is to deter arson. However, none of the case law cited by Rockingham Mutual Insurance Company indicates that it is the state's intent to use denial of the homestead exemption as a means for deterring arson.

The debtor, on the other hand, cites the Court to *In re Hayes,* 119 B.R. 86 (Bankr. E.D.Va.1990). In *Hayes,* the trustee in bankruptcy objected to the debtor's claim of homestead exemption because of the debtor's fraudulent conduct in preparing and filing his Chapter 7 schedules and statement of affairs. The *Hayes* court set forth the legislature's intent in section 34–4 of the Code by quoting *In re Snellings,* 10 B.R. 949, 952 (Bankr. W.D.Va.1981):

> With reference to homestead exemptions, courts employ the most liberal and humane rules of interpretation to insure the unfortunate debtor and his equally unfortunate but more helpless family, the shelter and influence of the object which the exemption provides.

The basis for the decision in *Hayes* to deny the trustee's objection to the homestead exemption was as follows:

> Egregious as the debtors' conduct may be, the Court is unable to cite any Virginia authority squarely holding that a debtor forfeits his right to claim his homestead exemption as a consequence for fraudulent conduct. In the absence of relevant Virginia authority bearing on the question, the Court will not deprive the debtor of his entitlement to his homestead exemption ... [W]here as here, state law does not provide for the denial of homestead exemption for fraudulent conduct, the proper

course of conduct for the trustee to follow is to object to discharge.

*Id.* at 88–89.

The question in this case is whether there should be a distinction between fraudulent conduct and arson such that a finding of arson would dictate a denial of the homestead exemption. Rockingham Mutual cites the court to the Virginia Supreme Court decision in *Rockingham Mutual Insurance Company v. Hummel,* 219 Va. 803, 250 S.E.2d 774 (1979). In that case the question presented on appeal was whether under a fire insurance policy an innocent spouse was entitled to a share of the fire insurance proceeds payable as a result of arson by the husband where the property destroyed was held by husband and wife as tenants by the entirety and insured jointly. The Supreme Court of Virginia declined to let the innocent spouse receive a share of the insurance proceeds as a result of the husband's arson holding that the innocent insured may not recover under the policy following a fraudulent act on the part of the other co-insured. The theory underlying the holding is that:

> [U]nder the policy and as the 'insured', each spouse had the joint obligation to use all reasonable means to save and preserve the property. Likewise, each spouse had the joint duty to refrain from defrauding the insurer. If either spouse violated any one of these duties, the breach was chargeable to the 'Named Insured' preventing either spouse from recovering any amount under the policy.

*Id.* 250 S.E.2d at 776.

It appears that the underpinnings of the *Hummel* decision lie in contract law. Because of the joint and several obligation imposed by the contract and the breach of that obligation by the innocent spouse, she was prevented from recovering any amount under the policy. Thus, the holding and the result in *Hummel* has nothing to do with the state's public policy interest in deterring arson. *Hummel* does not support the position advocated by Rockingham Mutual in this case.

*Hummel* is also distinguishable from the case at bar because the real property which is the subject of the claimed exemption in this case is not the property which Rockingham Mutual insured or the property which was the subject of arson by the debtor. The only connection between Rockingham Mutual and the subject real property is a judgment lien which it obtained pre-petition.[1]

█ This Court will follow the decision in *Hayes* and hold that where state law does not provide for the denial of the homestead exemption for fraudulent conduct, including arson, the appropriate sanction is denial of discharge. Under this Court's order dated November 30, 1994, the discharge of Wayne Allen Beahm for the indebtedness owed to Rockingham Mutual Insurance Company was denied.

For the reasons set forth in this decision and order, it is

## ORDERED:

That the complaint of Rockingham Mutual Insurance Company to deny the claimed exemption of the debtor in the above-captioned case in the amount of $5,000.00 in real estate or proceeds therefrom as scheduled in Schedule C of the debtor's schedules filed in this Chapter 7 proceeding be, and it hereby is DENIED, and the debtor is allowed an exemption in the parcel of land located in Page County, Virginia, in Deed Book 457, at page 261, or the proceeds from the sale thereof in the amount of $5,000.00.

---

1. It appears that under 11 U.S.C. § 522(f)(1) the judicial lien of Rockingham Mutual impairs an exemption to which the debtor would have been entitled under section 522(b) of the Code. With lien avoidance under U.S.C. § 522(f)(1), Rockingham Mutual has no direct connection to the subject real estate.