UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: GERALDINE PAGE CLARKE,
                              *Debtor.*

---

BRUCE H. MATSON, Trustee,
                *Plaintiff-Appellant,*

v.

GERALDINE PAGE CLARKE,
                *Defendant-Appellee.*

No. 01-2049

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-00-774-3, BK-99-37707-T)

Argued: February 26, 2002

Decided: March 25, 2002

Before WIDENER and LUTTIG, Circuit Judges, and
Henry M. HERLONG, Jr., United States District Judge
for the District of South Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Troy Savenko, LECLAIR RYAN, P.C., Richmond, Virginia, for Appellant. Joseph Samuel Massie, III, PALMER & MAS-

SIE LAW FIRM, Richmond, Virginia, for Appellee. **ON BRIEF:** Lynn L. Tavenner, Bruce H. Matson, LECLAIR RYAN, P.C., Richmond, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Bruce H. Matson, Trustee ("Trustee"), appeals the district court's order holding that Geraldine Page Clarke ("Clarke") substantially complied with Virginia Code Ann. § 34-6 and was entitled to claim a homestead exemption. Clarke filed Chapter 7 Bankruptcy and claimed a homestead exemption to which the Trustee objected. The bankruptcy court overruled the objection and allowed the homestead exemption. The district court affirmed the bankruptcy court's order, and the Trustee now appeals to this court. Finding no error, we affirm.

I.

On November 19, 1999, Clarke filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Pursuant to Virginia Code Ann. § 34-4, Clarke claimed a homestead exemption. During the administration of Clarke's Chapter 7 Bankruptcy Case, the Trustee objected to the allowance of a homestead exemption because Clarke had failed to timely perfect the exemption by filing a homestead deed pursuant to Virginia Code Ann. § 34-6. Thereafter, the Trustee discovered that Clarke had timely filed a homestead deed which mooted the Trustee's objection.

The Trustee, however, after examining the homestead deed, asserted an amended objection stating that the homestead deed failed to satisfy the specific requirements set forth in section 34-6. After a hearing, the bankruptcy court overruled the Trustee's amended objec-

tion finding that Clarke had substantially complied with section 34-6. *See In Re: Geraldine Page Clarke*, Case No. 99-37707-DOT (Sept. 27, 2000). The Trustee appealed the bankruptcy court's order to the district court. *See* 28 U.S.C. § 158(a)(1); Fed. R. Bank. P. 8001(a). After a hearing, the district court affirmed on the reasoning of the bankruptcy court. *See In re: Geraldine Page Clarke*, No. 00-774 (E.D. Va. July 31, 2001).

The Trustee claims that the district court erred when it held that Clarke's homestead deed substantially complied with section 34-6. We disagree.

## II.

"We review the judgment of a district court sitting in review of a bankruptcy court de novo . . . ." *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999) (internal quotations omitted). Factual findings are reviewed under the "clearly erroneous" standard. *See* Fed. R. Bankr. P. 8013. Therefore, we "review the bankruptcy court's factual findings for clear error, while we review questions of law de novo." *Biondo*, 180 F.3d at 130.

"The Homestead Exemption of Householders [("homestead exemption")] . . . permits Virginia debtors to selectively exempt real and personal property up to a specified value." *Id*. The homestead exemption is codified at Virginia Code Ann. § 34-4. *See* Va. Code Ann. § 34-4. Section 34-6 sets forth the procedure a debtor must follow in order to claim the homestead exemption. *See* Va. Code Ann. § 34-6.

Section 34-6 states

> In order to secure the benefit of the [homestead] exemptions of real estate . . . the householder, by a writing signed by him and duly admitted to record, to be recorded as deeds are recorded, in the county or city wherein such real estate or any part thereof is located and if such property is located outside of the Commonwealth, in the county or city where the householder resides, shall declare his intention to claim such benefit and select and set apart the real estate to be held

by the householder as exempt, and describe the same with reasonable certainty, affixing to the description his cash valuation of the estate so selected and set apart. The following form, or one which is substantially similar, shall be used and shall be sufficient for the writing required by this section.

### HOMESTEAD DEED FOR REAL PROPERTY

Name of Householder ...........................................................

Name of title holder of record (if different) ........................

Is the householder a disabled veteran entitled to claim the additional exemption under § 34-4.1? ...................................

Address of householder .......................................................

Name(s) and age(s) of dependent(s) ....................................

County/city/state in which real property claimed as exempt is located ...................................................................

Description of property claimed as exempt .........................

Value of Property described above ......................................

Va. Code Ann. § 34-6.

It is undisputed that Clarke did not use the form set forth in section 34-6. Instead, Clarke recorded the following writing:

### HOMESTEAD DEED
#### Real Estate and Personal Property

KNOW ALL MEN BY THESE PRESENT, that GERALDINE P. CLARKE, a householder, residing in the County of Hanover, Virginia, do hereby certify that I have not heretofore at any time declared my intention to claim the benefit of Homestead Exemption to which I am entitled under Virginia Code Section 34-4 and the Constitution of the Commonwealth of Virginia for such cases made and provided, or selected or set apart as and for the said homestead exemption, any real estate whatsoever, and that I do hereby declare my intention to claim the benefit of the aforesaid homestead exemption, select and set apart as and for my said homestead exemption the following items of personal estate to be held by me as exempt, as provided by law. My cash equity value of personal property is affixed to each article thereof, which is designated and described as follows:

|                                              | TOTAL CLAIMED |
|----------------------------------------------|---------------|
| *ITEM CLAIMED*                               |               |
| Equity in house at 744G Antique Lane         | $5000.00      |
|     TOTAL                 | $5000.00      |

[Witnessed, signed, and recorded]

(J.A. at 10.)

"[T]he Virginia Homestead Exemption is intended to shield help-less and unfortunate debtors and their families from the onslaught of creditors, and consequently must be liberally construed so as to afford the relief which the legislature intended the debtor to enjoy." *In re Hayes*, 119 B.R. 86, 88 (Bankr. E.D. Va. 1990). Based on this rule of liberal construction, the bankruptcy court found that Clarke had substantially complied with the mandates of section 34-6 and was therefore entitled to claim the homestead exemption. (J.A. at 16-17.)

The Trustee argues that the liberal construction rule applies only to whether the actual exemption applies and debtors must strictly com-ply with section 34-6's requirements to perfect that exemption. Alter-natively, the Trustee argues that Clarke's recorded writing does not substantially comply with section 34-6. The Trustee asserts that the Debtor's recorded writing does not disclose: (1) whether the house-holder is a veteran; (2) the address of the householder; (3) the name(s) and age(s) of dependent(s), and (4) the county/city/state in which the real property claimed is located. (Appellant's Br. at 12.)

As the district court held, Clarke's homestead deed substantially complied with Virginia Code Ann. § 34-6. As to the veteran status and name and age of dependents requirements, failing to disclose this information only prevents the debtor from claiming further exemp-tions. *See* Va. Code Ann. § 34-4 (allowing an additional $500 exemp-tion for each dependent); Va. Code Ann. § 34-4.1 (allowing an additional exemption for certain veterans). As to the two remaining alleged inadequate disclosures, Clarke's homestead deed satisfied the

requirements set forth in section 34-6. Therefore, the court finds that the district court did not err in holding that Clarke substantially complied with section 34-6.

## III.

Accordingly, the decision of the district court is

*AFFIRMED*.